Napton, judge,
delivered the opinion of the court,
This was a motion before the Jefferson circuit fcburt to have satisfaction entered upon an execution. A siiit had been brought in 1846, in the name of the State, to the use of Solomon Stong, Stephen Shore, and Jane Shore, against Anthony Wilkson and his securities, upon his bond *354 as administrator of the estate of David Stong, deceased. On the 28th May, 1847, the parties to this suit entered into the following agreement: “Whereas, a suit is now pending in the Jefferson circuit court, in favor of Stephen Shore and Jane Shore, formerly Jane Stong, and Solomon B. Stong, by S. Skeel, his guardian, against Anthony Wilkson, as principal, and H. J. Bates and Andrew Fight, as securities, upon the official bond of said Wilkson as executor of the last will and testament of David Stong deceased ; and whereas said Wilkson was displaced as executor of said estate, and Samuel Skeel appointed administrator with the will annexed of said Stong’s estate; and whereas said suit is brought upon certain orders of the county court of said county, to pay money to the heirs of D. Stong deceased, and upon other orders, and whereas said Wilkson has now finally settled up his executorship with the county court of Jefferson county, and has many credits which he conceives ought to be allowed him. Now it is agreed between the parties aforesaid, (naming them :)
1. That said Wilkson agrees that judgment may be rendered against him and his securities in the suit, for the just amount that may be established against him, and he will not claim any credits against said amount in said circuit court:
2. In consideration whereof the said S. Shore, and Jane his wife, and S. B. Stong, by S. Skeel, his guardian, and S. Skeel administrator de bonis mon &c., agree that A. Wilkson may establish his credits, payments ánd offsets before the said county court of Jefferson county, and, upon a settlement before said court, whatever balance is allowed in his favor, taking into consideration the judgment rendered in the circuit court, the parties aforesaid agree that the same shall be credited on the judgment entered in their favor in the circuit court, and the said Samuel Skeel, administrator, &c., agrees to waive notice upon the claims and demands of said Wilkson, against the estate of said deceased, in order to facilitate the settling of their differences, and save expense. It is further agreed the execution be staid until after the next term of the circuit court. Signed &c.55 A settlement was made before the county court, in which the court found Wilkson chargeable with $2,863 at the settlement in 1842, and with $187 85 since that time, making the aggregate of $2551 79 ; and found him entitled to a credit of $2375 06, on account of disbursements, &c., leaving a balance due the estate of $176 73.
Immediately after this settlement a bill of complaint was filed in the circuit court, in chancery sitting, to set aside this settlement, charging *355 fraud and mistake upon Wilkson. This bill was given in evidence on behalf of the heirs of Stong, on the hearing of the motion to quash the execution.
The circuit court ordered the execution to he stayed, except for the sum of $176 73 and costs. From this order an appeal was taken to this court.
The appellants contended that under a proper construction of the contract between the parties, Wilkson was entitled to a credit on the judgment of $2,375 06, that being the amount allowed him for disbursements by the county court, and, consequently, that the execution for the $1,89.5 75, should have been quashed. We do not put this construction on the contract, hut suppose it w'as the intention of the parties to take into consideration what the county court should find W’ilk-son to be indebted to the estate, as well as the credit side of the account. The amount of the judgment was supposed to be sufficient to cover the actual deficits of Wilkson, and perhaps to exceed it, and therefore it was agreed to restrict the execution to the amount actually found due from him to the estate. It is suggested that the charge of $187 85 against Wilkson, which had originated since the settlement of 1842, should he excluded, as the suit was brought to- recover the amount of orders before that period. In relation to this it is sufficient to say that the proceedings upon which this judgment for $1,895 75 was based, are not before us, and form no part of the record. We know nothing of the claims which led to the judgment.
The circuit court was certainly right in suspending the execution until the determination of the proceedings to set aside final settlement. This proceeding showed that such final settlement had not been made. As there was no dispute about the indebtedness ol Wilkson to the amount of $187 85, the execution was rightly permitted to go for that amount.
Judgment affirmed.