## T. B. DALTON, Guardian, vs. A. W. JONES.

GUARDIAN AND WARD:  *Duties and liabilities thereof.*

The law places under the control of the guardian the property of every description of the ward, charged with the duty of making it productive and of supporting the ward out of its income.  The law does not leave the amount of expenditure for maintenance and education to the discretion of the guardian.  This sum must be fixed by the court.  If the income be insufficient, the court may order a sale of the requisite amount of property, etc. (§§ 1219, 1220, Code of 1871).  If a guardian contracts for the education or maintenance of his ward without the sanction of the chancery court, he incurs a personal responsibility, and cannot be allowed for it in his accounts with his ward.  A guardian has no power to bind the estate of his ward without the sanction of the chancery court.

ERROR to the Circuit Court of *Colfax* County.

Hon. J. A. ORR, Judge.

The facts necessary to a full understanding of principles decided in this case are fully set out in the opinion of the court.

The following are the assignments of error:

1. The judgment is against the estate of the ward when it could only have been rendered against the guardian personally.

2. The pleading shows a personal liability only of the guardian,

yet the judgment is rendered, not against the guardian, but against the ward's estate.

3. The circuit court has no jurisdiction over the estate of the ward Bettie Wetzell, and could not therefore render a judgment against the estate.

4. The judgment does not follow the declaration.

5. No judgment by the circuit court under the pleadings could be rendered, so as to subject the estate of the ward to execution and sale, but only a personal judgment against Dalton could be rendered.

*Fred. Beall*, for appellant :

Cited Rev. Code 1871, § 1220, also §§ 1221, 1222, 1223, 1224; 45 Miss., 556; 38 id., 423; 5 Ala., 42; 19 Vt., 437; 2 Strob., 3; 7 Jones (N. C.), 14; 42 Ga., 539; 10 Md., 397; 1 Smith, 367.

*Barry & Brame*, for appellee:

Cited 19 Vt., 437; Rev. Code 1871, § 648; 31 Miss., 473; 33 id., 211; 8 S. & M., 197; 9 id., 613; 13 id., 302; 5 Cush., 239; Code 1871, § 782; 49 Miss., 315; 47 id., 61; Code 1871, § 580.

SIMRALL, J., delivered the opinion of the court.

The single question which arises in this case is, whether a recovery can be had in the action of assumpsit against the guardian of a ward, so as to condemn to its payment the goods and property of the ward. The declaration states that the sum of $694.86 is due the plaintiff from the defendant on open account, for the board and tuition, etc., of Bettie Wetzell, a minor, and his ward, and also for books and other articles furnished to her in the prosecution of her education, and that T. B. Dalton, guardian of the said Bettie, promised to pay.

The plaintiff obtained the verdict, and thereupon the circuit court awarded judgment, that the plaintiff A. W. Jones do * * recover from the defendant T. B. Dalton, guardian of Bettie Wetzell, $762.41, * * for which let execution issue, to be levied of the goods, * * lands and tenements of the said ward in the hands of said guardian, and costs, etc. The proposition of

law, invoked in this recovery is, that the guardian may make a promise, or come under an implied assumpsit, which binds the ward, and may be collected out of the minor's property. The law places under the control and management of the guardian, the property, of every description, of his ward, charged with the duty of making it productive, and of supporting the minor out of its income; nor is it left to the discretion of the guardian as to the amount of expenditure for "maintenance and education." The "sum" must be settled by the chancery court, "having regard to the future situation, prospects, and distinction of the minor."

If the income be insufficient, the court may allow a sale of the requisite amount of the personal estate, and if that and the rents of the land be not enough, the court may authorize a sale of such part of the real estate as may be deemed necessary for the purpose. Code, 1871, §§ 1219, 1220.

The means of the ward, thus restricted and guarded, are subjected to the use of the guardian. He cannot employ them with safety to himself except within the limits prescribed. The law does not confide to his discretion what sum shall be expended. If, therefore, he contracts an engagement for education and maintenance, he incurs a personal responsibility. If he does so without the sanction of the chancery court, or in excess of it, he cannot be allowed for it in his accounts with the ward.

In accordance with this policy, it was held in Wade v. Bridewell, 38 Miss., 423, that the guardian could not subject the rights of his ward to the jurisdiction of the court in the attitude of a defendant. Such a rule would give the dangerous power of suffering judgments to affect the interests of the ward.

The guardian had the power to use whatever "sum" the chancery court might settle upon, for education and maintenance. He also had the resource of the income, and a right to apply for an encroachment upon the capital. Out of this fund he ought to have paid. He has, under the law, no further right to bind the estate of his ward. Scott v. Porter, 44 Miss., 365-6; McKee v. Whitten et ux., 25 Miss., 32-3; Steen v. Steen, 25 id., 513.

The judgment is erroneous and must be reversed.