JAMES MELLEN *vs.* GEORGE MOORE.

Androscoggin.   Decided August 3, 1878.

*Promissory notes.*

A promissory note of this form: " One year after date we promise to pay to the order of A B, one thousand dollars, value received," and signed "George Moore, treasurer of Mechanic Falls Dairying Association," is the note of Moore and not of the association; and it makes no difference that the plural "we" is used instead of "I."

ON REPORT.

ASSUMPSIT against George Moore on a promissory note signed " George Moore, Treasurer of Mechanic Falls Dairying Association," and indorsed and delivered to the plaintiff before suit commenced.

The defendant offered to prove that he was treasurer of the Mechanic Falls Dairying Association, a corporation duly established by law when the note in suit was signed and delivered; that he had authority to sign the corporation's name to the note; that the corporation hired, received and used the money for which the note was given; that the defendant intended to bind the corporation and not himself. The presiding justice ruled that the above facts would constitute no defense; that the note was the note of George Moore, and that he was personally liable upon the same. Whereupon, by consent, the case was reported to the law court for decision.

*L. H. Hutchinson, A. R. Savage & W. W. Sanborn,* for the plaintiff, under various positions taken, cited *Sturdivant* v. *Hull,* 59 Maine, 172. *Tucker Manf'g Co.* v. *Fairbanks,* 98 Mass. 101, 104. *Thomson* v. *Davenport,* 2 Smith's Leading Cases, 366. *Haverhill M. F. Ins. Co.* v. *Newhall,* 1 Allen, 130. *Stackpole* v. *Arnold,* 11 Mass. 27. *Bank of British North America* v. *Hooper,* 5 Gray, 567. *Titus* v. *Kyle,* 10 Ohio, N. S. 444. *Slawson* v. *Loring,* 5 Allen, 340, 342.

*T. B. Swan,* for the defendant, in argument, cited *Dyer* v. *Burnham,* 25 Maine, 9, 13. *Evans* v. *Wells,* 22 Wend. 324, 339, 340. And specially to the point that the use of the plural " we " as the grammatical subject of promise was inconsistent with an intention on the part of Moore to bind himself. *Rogers* v. *March,* 33 Maine, 106, 110. *Means* v. *Swormstedt,* 32 Ind. 87.

WALTON, J. The note declared on in this case is as follows:

" $1,000. Minot, June 19, 1875. One year after date we promise to pay to the order of O. A. S. Maybury one thousand dollars, value received, and interest at eight per cent per annum. George Moore, Treas. of Mechanic Falls Dairying Association."

Is this the note of George Moore, or is it the note of the Mechanic Falls Dairying Association ?

We think it must be regarded as the note of George Moore. *Sturdivant* v. *Hull,* 59 Maine, 172.

The question involved in this class of cases was so thoroughly discussed in the case just cited that we doubt if any new light can be thrown upon it. It was there held that the liability or non-liability of the parties must be determined by an inspection of the note itself; that resort cannot be had to parol evidence to show an intention other than that expressed by the instrument itself. And it was held further that the words " I promise to pay," without any words importing that the promise is made for or on behalf of another, create a personal obligation on the part of the signer, although he adds to his name words describing himself as treasurer of some company or corporation.

The only difference between that case and this consists in this: In that case the personal pronoun " I " was used ; in this it is "we." There it was " I promise ; " here it is " we promise."

It is suggested that this difference would justify the court in coming to a different conclusion. We think not. The language used just as clearly imports an undertaking on the part of the speaker or writer in the one case as in the other. There is the same absence of apt words indicating an intention to bind another, and not the speaker or writer. There is no difference between the words " I promise " and " we promise," so far as the creation of a personal obligation upon the speaker or writer is concerned. To hold otherwise would be trifling, and not the performance of a grave duty. If the court does not intend to be bound by a former decision, it is infinitely better to say so than to undertake to distinguish the one case from the other when no real difference exists.

Lord Elden is quoted as saying that instead of struggling by little circumstances to take cases out of a general rule, it is more wholesome to struggle not to let little circumstances prevent the application of a general rule ; and Lord Mansfield that such subtleties and refinements are encroachments upon common sense, and mankind would so regard them ; that they should be got rid of, and no additions made to them ; that our jurisprudence should be bottomed on broad and plain principles, such as not only the court, but those whose rights are to be decided by them, can understand ; that, if our rules of law are to be incumbered with all the exceptions which ingenious minds can imagine, there will be no certain principles to guide us, and it would be better to apply the principles of natural justice to every case, and not attempt to be governed by fixed rules. Ram on Legal Judgment, 253.

The principle established by *Sturdivant v. Hull*, 59 Maine, 172, is that, unless the signer of a promissory note uses words which, fairly interpreted, indicate that the promise is not his promise, but the promise of another, he will be personally bound; and that adding to his name words which describe him as the treasurer or other officer of a company or corporation or association is not sufficient to relieve him from such responsibility. To the same effect are *Fogg* v. *Virgin*, 19 Maine, 352, and *Chick* v. *Trevett*, 20 Maine, 462.

The words used in the note declared on in this case clearly indicate an undertaking on the part of the signer, and, fairly construed, cannot be made to import a promise on the part of any one else. It must therefore be regarded as the note of the signer.

*Judgment for plaintiff.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.