Alexander, Guardian, v. Buffington et al.

ALEXANDER, GUARDIAN, v. BUFFINGTON ET AL.

1. **Practice in Supreme Court:** TRIAL DE NOVO: EQUITABLE DECREE AFFIRMED REGARDLESS OF ERROR. Upon a trial *de novo* in this court, if there is a good reason to support the decree appealed from, it will not be reversed because it was based by the court below on a bad reason.

2. **Guardian:** LEASE BY, WITHOUT ORDER OF COURT, INVALID. Under Code, § 2250, a lease made by a guardian is invalid, or voidable at least, unless ordered or approved by the proper probate court. *Bates v. Dunham*, 58 Iowa, 308, followed.

3. **Practice in Supreme Court:** RIGHTS OF APPELLEE. A plaintiff who does not appeal cannot in this court insist upon other or different relief from that awarded him in the court below. See cases cited.

*Appeal from Montgomery Circuit Court.*

SATURDAY, JUNE 6.

ACTION in chancery to avoid and cancel a lease, to recover possession of the land, and for general equitable relief. There was a decree for plaintiff. Defendants appeal.

*W. S. Strawn*, for appellants.

*C. E. Richards* and *McPherson & Murphy*, for appellee.

BECK, CH. J.—I. The petition alleges that plaintiff is the guardian of one Anthony Shank, an insane person, having been appointed upon the removal of a prior guardian, Mary A. Shank; that, in consequence of the bad management and fraudulent acts of the prior guardian, the estate of the ward became largely involved in debt, which can be paid only by the sale of the real estate of the ward; that the prior guardian, without the order or approval of the proper court, leased to Buffington & Co. certain town lots for the term of eight years, beginning in the future, for a grossly inadequate yearly rent; that the lease was fraudulent, and collusively made by the parties thereto, for the purpose of cheating the ward's estate, and preventing other disposition of the property; and that Buffington & Co. assigned the lease to defendant, Stevens, who was one of the members of the firm, and had full knowledge of all the facts and circumstances of the transaction and the purposes of the parties in executing the lease.

II. The evidence, we think, shows that the rent reserved in the lease was grossly inadequate, and that there were circumstances connected with the transactions tending to support the allegations of the petition of fraud and collusion on the part of all the defendants, as well as the prior guardian. It is shown, and the fact is not disputed, that the guardian executed the lease without the order or approval of the proper probate court.

III. The circuit court found inadequacy in the rent reserved by the lease, and, on that ground, decreed that it should be canceled, unless defendants would, within ninety days, elect to pay a rent of $220 per year for the lots, the lease to be modified accordingly. In that event it should stand. We think that the inadequacy of the rent is clearly established. Whether that fact alone would be sufficient to authorize the cancellation of the lease, we need not determine, as, in our opinion, it should be set aside for another cause. If there is a good reason for the support of the decree, it will

not be reversed because it was based by the court below upon a bad one.

Under Code, §2250, a lease made by a guardian is invalid, or voidable at least, unless ordered or approved by the proper probate court. See *Bates v. Dunham*, 58 Iowa, 308. The lease, having been made without such order or approval, could be avoided by the circuit court upon proof of unconscionable inadequacy of the rent reserved therein, if, indeed, the instrument was not absolutely void. The provision of the decree giving defendants the option to continue in the possession of the property under the lease, upon payment of the just value of rent found by the circuit court, as it is favorable to defendants, cannot be objected to by them.

Plaintiff has not appealed, and cannot, therefore, insist upon other or different relief than that awarded him by the court below. *Cassady v. Spofford*, 57 Iowa, 237; *Hintrager v. Hennessy*, 46 Id., 600; *Swith v. Wolf*, 55 Id., 555; *Farr v. Rielly*, 58 Id., 399.

The decreee must therefore be

AFFIRMED.