## McREYNOLDS v. ANDERSON.

1. **Dower:** IN EQUITABLE INTEREST IN LANDS: PURCHASE OF LEGAL
   TITLE WITH NOTICE. Where a son held the legal title to land, in trust,
   however, for his father, and he conveyed it to defendant, who was
   charged with knowledge of the father's equity, and the father's wife did
   not convey her inchoate right of dower, *held* that, after the death of her
   husband, she was entitled to recover her undivided share in an action
   against defendant.

*Appeal from Jefferson Circuit Court.*

FRIDAY, JUNE 18.

THE plaintiff seeks by this action to establish a dower
right in an undivided interest in 160 acres of land. There
was a decree for the plaintiff, and defendant appeals.

*W. W. Corey* and *Stiles & Beaman,* for appellant.

*McNett & Tisdale* and *H. B. Hendershott,* for appellee.

ROTHROCK, J.—I. The plaintiff is the widow of Solomon
McReynolds, deceased. She claims that during her marriage
her husband was the equitable owner of the land in which
she asserts a dower interest. It is conceded that Solomon
McReynolds never had the legal title to the land. The legal
title was vested in Madison McReynolds, the son of Solomon
McReynolds. The land was conveyed by Madison Mc-
Reynolds to the defendant herein by a deed of general
warranty, during the marriage of plaintiff; and she claims
that, as her husband was the complete equitable owner, and
as the defendant had notice of such ownership before the con-
veyance was made to him, he took the land charged with her
inchoate right of dower. It is not denied that, under section
2440 of the Code, a widow is dowable of lands of which the
husband had an *equitable* estate, and it is conceded that Mad-
ison McReynolds held the mere naked legal title, and had no

beneficial interest in the land. But it is claimed by the defendant that the land was purchased by Solomon McReynolds with the money of certain minors, of whom he was guardian, and the title was made to Madison McReynolds in trust for said minors. It is further claimed that, when the defendant purchased the land, he had no notice of the equity of Solomon McReynolds. The case therefore turns, upon the evidence, upon the two propositions involving the real nature of the trust created by the transfer of the property to Madison McReynolds, and whether the defendant was a good-faith purchaser without notice of the equitable estate in the husband of the plaintiff.

It is conceded that Solomon McReynolds acquired the land by means which he inherited as heir of a deceased son. The The property which he inherited from his son, and by which the land was acquired, was certain notes and a mortgage which his deceased son held upon the land at his death. He did not make any actual investment of the money of his wards in the notes and mortgage, nor in the land. It is claimed, however, that he set apart the notes and mortgage, and afterwards the land, by conveying it to his son Madison, for the benefit of his wards. In our opinion, Solomon McReynolds never did any act which divested himself of the notes or mortgage or land. He could not, as guardian, loan his wards' money to himself; nor could he, without an order of the circuit court, invest it in lands: and it appears that the circuit court refused to recognize the claimed transactions as binding upon the wards, and in effect held that the guardian must account for the wards' money, without any reference to the land or notes or mortgage. A further discussion of this branch of the case is unnecessary.

II. The only remaining question is, did the defendant purchase and pay for the land in good faith and without notice? The evidence on this question is quite voluminous, and we will not undertake to set it out or discuss it in this opinion. It is sufficient to say that we fully concur with the

circuit court in holding that the defendant, before he made his purchase, had such notice as to charge him with knowledge of the plaintiff's right in the land. We have given all the evidence most careful consideration, and reach this conclusion without doubt or hesitation.

Counsel for the defendant rely upon the case of *Beck v. Beck*, 64 Iowa, 155, as decisive of the rights of the parties in the case at bar in favor of the defendant. But in that case the husband invested his money in land, and had it conveyed to the son, so far as it appears, absolutely. It was an absolute vesting of both the legal and equitable title in the son. The title was not held by the son in trust for the father. In this case it is conceded that Madison McReynolds held the title as a mere trustee, and the trust was enforceable by his father.

We think the decree of the circuit court should be

AFFIRMED.