FRANK DUREIN, *et al.*, V. ELIZA MOESER, *as Administratrix of the Estate of Henry Moeser, deceased.*

1. NOTE — *Ownership.* As between the payee of a promissory note, payable to order, and not indorsed, and a stranger having possession thereof, the payee named in the note is *prima facie* the owner of the same.

2. ———— *Eggan v. Briggs*, 23 Kas. 710, distinguished.

*Error from Shawnee District Court.*

MAY 4, 1885, *Eliza Moeser*, as administratrix of the estate of Henry Moeser, recovered a judgment for $758.30 and costs against defendants, *Durein* and *Kreipe.* They bring the case here. The material facts are stated in the opinion.

*J. M. Sheafor,* and *Hazen & Isenhart,* for plaintiff in error.

*Chesney & Carey,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: In May, 1876, Henry Moeser, the owner of lots 104, 106 and 108, on Harrison street, died, intestate, in the city of Topeka. A short time after his death, Eliza Moeser, his widow, was appointed administratrix of his estate. In April, 1877, Eliza Moeser left the city of Topeka and moved to Chicago, Ill. Prior to her going away she executed a mortgage upon said lots for $1,100 to Philip Moeser. On April 1, 1879, she sold said lots, through her brother-in-law, Ed. Moeser, to Margaret J. Norton, for $3,000, and received in payment therefor $500 cash, and five notes, of $500 each, executed by Margaret J. Norton and L. Norton, and due in six months, and one, two, three and four years, respectively, secured by a mortgage upon said premises, with interest at ten per cent., payable annually. These notes were numbered 1, 2, 3, 4 and 5, in the order in which they became due. On May 29, 1879, note number 3 was indorsed to Durein and Kreipe. On August 30, 1879, note number 4

was indorsed to Durein and Kreipe. In May, 1879, note number 5 was left with Judge Carey, then probate judge, by an arrangement between Eliza Moeser and Philip Moeser. On or about the 8th of January, 1880, note number 5 was turned over by Judge Carey to Fred. Fritsche. Durein and Kreipe claim to have purchased this note, and were in possession of the same in March, 1884, and collected interest thereon from the makers thereof.

The controversy in this case is over the note No. 5, or rather the proceeds of the note, as the Nortons have paid the amount thereof into the court, and by the agreement of the parties to this action the money is to abide the result of this litigation. Mrs. Eliza Moeser, as administratrix and the payee, claims the proceeds of the note and all the interest collected by Durein and Kreipe. Durein and Kreipe claim the proceeds of the note and the interest collected by them, as owners of the note through a purchase, which they allege they made from Fred. Fritsche, who, they claim, was the authorized agent of Mrs. Moeser. Note No. 5 was payable to the order of Eliza Moeser, administratrix, but was never indorsed by Mrs. Moeser, the payee, or by any one for her.

The jury made the following findings of fact:

"1. Did Eliza Moeser, administratrix of the estate of Henry Moeser, deceased, plaintiff, sell or deliver to Kreipe and Durein, or either of them, the promissory note No. 5? A. No.

"2. Was this note No. 5 sold and delivered to the defendants, Kreipe and Durein, or either of them, by a duly-authorized agent of the plaintiff? A. No.

"3. How much money was paid into the court arising from the foreclosure suit in the case of Kreipe and Durein v. Nortons on this note No. 5, to abide the result of this action? A. $583.35.

"4. How much interest did the defendants, Kreipe and Durein, collect on this note No. 5 from the Nortons? A. $175."

Upon the findings of the jury, the only material question in the case is over the instruction of the trial court that—

"The mere possession of this note, unindorsed in the hands

of Kreipe and Durein, is not of itself sufficient evidence of the ownership of the note, but there must be other evidence, tending to show that they purchased the note from the plaintiff or her duly-authorized agent."

The contention on the part of Kreipe and Durein is, that the possession of the promissory note is *prima facie* evidence of ownership, and therefore that the instruction given is erroneous and prejudicial to them. The·case of *Eggan v. Briggs*, 23 Kas. 710, cited, is very different from the case now under consideration. In that case the note was payable to the order of Briggs and Watson, and was indorsed before maturity by Briggs and Watson. The syllabus is: "Possession of a note (where it does not appear upon the note who the owner thereof is) is *prima facie* evidence of ownership; but it may be shown by evidence that the person in possession is not the owner of the note." All that was said in *Eggan v. Briggs* we fully approve, but as between the payee of a promissory note, payable to order and not indorsed, and a stranger having possession, the payee is *prima facie* the owner; so the mere possession of a note payable to order and not indorsed cannot avail the holder thereof in an action against him by a payee who is the legal owner. (Daniel Neg. Inst., § 812; *Tuttle v. Becker*, 47 Iowa, 486; *Robertson v. Dunn*, 87 N. C. 191; *Dorn v. Parsons*, 56 Mo. 601; *Price v. Brown*, 98 N. Y. 388; *Gano v. McCarthy*, 79 Ky. 409.) Upon the evidence presented the instruction was pertinent and proper, and therefore not erroneous or misleading.

It is claimed that there is nothing in the petition showing that Mrs. Moeser sued as administratrix, or that she is seeking to recover as administratrix. The point is not well taken, because no objection was made to the proof of her official relation in the introduction of evidence, as in the cases of *City of Atchison v. Twine*, 9 Kas. 350; and *C. B. U. P. Rld. Co. v. Andrews*, 34 id. 563. The action was entitled in the court below, "Eliza Moeser, administratrix of the estate of Henry Moeser, deceased, v. Conrad Kreipe and Frank Durein," and Mrs. Moeser was permitted to testify without objection, "that

she was the widow of Henry Moeser; that he died in May, 1876, in Topeka, in this state, and left property situated in Topeka, and that she was made the administratrix of his estate." She also testified without objection, "that she was appointed administratrix, and that the note in suit was made payable to her as administratrix."

We have considered the other objections presented, but in view of the special findings it is unnecessary to make comments thereon.

Upon the special findings of the jury, the verdict and judgment must be sustained. The judgment will therefore be affirmed.

All the Justices concurring.