(83 N. W. Rep. 18.)

RALPH W. SHEPARD, *et al vs.* OLE K. HANSON.

Opinion filed May 2, 1900.

**Action on Note—Directing Verdict.**

The mere possession of a negotiable promissory note, which is not payable to bearer and is unindorsed, by another than the payee, is not prima facie evidence of the ownership of such note. Accordingly it was error for the trial court to direct a verdict for the amount of the note in suit; there being no other evidence of title, and plaintiff's ownership being denied by the answer.

**Powers of Guardian.**

A guardian, in making contracts relating to the estates of his wards, can bind himself only, and can bind neither his wards personally nor their estates.

Appeal from District Court, Cass County; *Pollock*, J.
Action by Ralph W. Shepard and another, by W. C. Resser,

guardian, against Ole K. Hanson. Judgment for plaintiffs, and defendant appeals.

Reversed.

*Hildreth & Ingwaldson,* for appellant.

*Turner & Lee,* for respondents.

YOUNG, J. This action was originally commenced by Frank W. Herline, as guardian of the estate of Ralph W. Shepard and Fred L. Shepard, minors, to recover for his wards the amount due upon a certain promissory note executed by the defendant, and which it is alleged is the property of these minors, and is wholly unpaid. After the issues in the case were joined, and some time prior to the trial of the action, Herline resigned as guardian; and the County Court of Cass county, which had appointed him, appointed in his place W. C. Resser, who, by stipulation of counsel, was substituted as plaintiff. At the close of the case, the District Court, upon motion of plaintiffs' counsel, directed a verdict in plaintiffs' favor for the full amount claimed, and judgment was ordered and entered on the verdict. Defendant's appeal is from the judgment, and, in a settled statement, he presents for review numerous alleged errors of law. Among these, the only one we shall have occasion to notice is the order directing a verdict for the plaintiffs. The defendant's answer admits the execution of the note, but specifically denies that it is or ever was the property of the plaintiff's wards, and alleges that the note ever was and is the individual property of Frank W. Herline, the payee named in the note, and that any transfer or indorsement thereof by him was without consideration and in bad faith. For a further defense the defendant then set up three several counterclaims as existing in his favor and against Herline, as guardian, and his two wards, arising out of work, labor, and services alleged to have been done and furnished for them at their request. The amount of these claims exceeds the amount of the note sued upon. The following is the note, in full: "Mapleton, North Dakota, July 1st, 1892. Ninety days after date I promise to pay to the order of F. W. Herline one hundred and fifty-four dollars, at Red River Valley National Bank of Fargo, value received, with interest at the rate of 12 per cent. per annum. I hereby agree to pay the further sum $———— as attorney's fees, should the collection of this note be enforced by law. Ole K. Hanson." The following indorsement appears upon the back: "Pay to the guardian of Ralph W. and Fred L. Shepard, F. W. Herline, without recourse." The motion for a directed verdict was based upon the ground "that defendant had failed to show any defense by way of nonownership of the note by plaintiffs, or counterclaim or payment." This motion was granted, and, we hold, improperly granted. The ownership of the note by plaintiff's wards was specifically controverted by the answer. It was therefore incumbent on the plaintiff to establish by evidence the ownership and title to the notes in his wards, as

a basis for recovery. The present guardian testified that it had been turned over to him by his predecessor, Mr. Herline, and that he had it in his possession. The note was then received in evidence. This is all the evidence offered to establish title to the note in the wards. This was insufficient. It is true that the possession of a negotiable instrument payable to bearer or payable to order, and indorsed in blank or indorsed to the holder, is prima facie evidence of ownership, and that the holder acquired it bona fide for full value, in the usual course of business, before maturity, and without notice of any circumstance impeaching its validity. See Daniel, Neg. Inst. § 812. But it is equally true that the possession by one not the payee of such an instrument, which is not indorsed and is not payable to bearer, is not prima facie evidence of ownership by the party having possession, where the ownership is controverted. In *Van Eman* v. *Stanchfield,* 10 Minn. 255 (Gil. 197), the court said: "Where a negotiable note, payable to order, is transferred without indorsement, the holder takes it as a mere chose in action; and, while he may maintain an action upon it in his own name, he must prove the transfer to himself, and mere possession is not prima facie evidence of the fact." See, also, in support of the doctrine that the possession of an unindorsed promissory note by one not the payee is no evidence of the ownership of the holder, *Cavitt* v. *Tharp,* 30 Mo. App. 131; *Dorn* v. *Parsons,* 56 Mo. 601; *Merlin* v. *Manning,* 2 Tex. 351; *Ross* v. *Smith,* 19 Tex. 171; 4 Am. & Eng. Enc. L. (2d Ed.) 319; Daniel, Neg. Inst. § 812; Rand Com. Paper, § 792. The note, it will be seen, is payable to order, and not bearer; and it is not indorsed by the payee, either generally in blank, or specially to any person by name. The words on the back of the note, "Pay to the guardian of Ralph W. and Fred L. Shepard," are not a direction to pay either to the wards themselves or to their estate. If the language used has any effect, it is as an indorsement to some person, not by name, but by description. The person described was F. W. Herline, the payee in the note, so that no new feature was added to the note by these words. It was already payable to himself, and was at best no more than a direction to pay to himself. As to the effect of words *descriptio personae,* see *Thornton* v. *Rankin,* 19 Mo. 194; *Jeffries* v. *McLean,* 12 Mo. 355; *Mellen* v. *Moore,* 68 Me. 390; *Shaw* v. *Smith,* (Mass.) 22 N. E. Rep. 887, 6 L. R. A. 348.

There being no evidence of ownership of the note in suit by plaintiff's wards, it was therefore error to direct a verdict in his favor, and the judgment must accordingly be reversed. But, inasmuch as a new trial must be had, we wish to refer to the counterclaims set up by defendant. Counsel for the respective parties have spent considerable time discussing the evidence, to determine whether or not there is any evidence that the contracts with the defendant which are the basis of the counterclaims were made by Herline as guardian, and for and on behalf of his wards. It is

the contention of plaintiff's counsel that he acted individually. It may be conceded that defendant's contention is true, and that Herline acted as guardian and that the services were for him as guardian, yet it is entirely immaterial. It was still Herline's personal contract, for the law is well settled that the guardian of an estate of minors cannot as such make a contract which will bind the wards personally or their estate. He is bound personally. *Rollins* v. *Marsh*, 128 Mass. 116; *Hospital* v. *Fairbanks*, 132 Mass. 414; *Sperry* v. *Fanning*, 80 Ill. 371; *Adams* v. *Jones*, 8 Mo. App. 602; *Dalton* v. *Jones*, 51 Miss. 585; *Tenney* v. *Evans*, 14 N. H. 343; *Phelps* v. *Worcester*, 11 N. H. 51. In *Reading* v. *Wilson*, 38 N. J. Eq. 446, the court said: "A guardian has no authority whatever to bind either the person or the estate of his ward by contract. It is his duty to see that his ward is maintained and educated in a manner suitable to his means, and if, in the performance of this duty, it becomes necessary for him to enter into contracts, such contracts impose no duty on the ward, and do not bind his estate, but bind the guardian personally and alone. For any reasonable expenditure made by a guardian, out of his own means, for the benefit of his ward, he is, of course, entitled to be reimbused out of the ward's estate; but this is the limit of the ward's liability, whether measured by rules of law or rules of equity. A guardian is without the least capacity or authority to impose contract obligations on his ward." Whatever causes of action the defendant has, then, arising out of his alleged services to Herline as guardian of those wards, exist against Herline individually. The District Court is directed to enter an order reversing its judgment and granting a new trial. All concur.

### PETITION FOR REHEARING.

Counsel for plaintiff have filed a petition for a rehearing, in which it is urged that the court was mistaken in asserting that there is no evidence in the record showing that plaintiff's wards are the owners of the note in suit. They contend that there is other evidence than that sought to be derived from the possession of the instrument, and refer us to a certain written account or report made by Herline at the close of his guardianship, and filed and recorded in the county court on March 21, 1899. This document, which was received in evidence against defendant's objection, purports to be an account of Herline's guardianship from January 12, 1892, up to the time it was filed in the County Court. Under the heading of "Receipts" there appears this entry: "July 1st, 1892. Ole K. Hanson paid on $168 note $14.00, interest on said note $19.02." Under the heading of "New Notes" the following entry appears: "(Stock) Ole K. Hanson, dated April 1st, 1892, due 90 days, 12 per cent. par, ren $168." This abbreviation evidently means that the last-described note is a part renewal of the former note, and doubtless refers to the note in suit. On the margin of the report, and opposite the description of the note involved in this action, and certain other notes, these words appear: "These notes are not assets of the

guardianship." It would seem that this entry conclusively negatives the idea that the note in question belongs to plaintiff's wards. However, it is unimportant what is meant by these entries; for, conceding that they tend to show that Herline purchased the note, and from the funds of these wards, yet that fact utterly fails to establish title of the note in the wards. At best, the note can be no more than an investment of the wards' funds made by the guardian, for it was not a part of the original assets. The law requires investments to be made in a particular manner, and a guardian in this state may not either sell his ward's property, or make investments of his ward's funds, save on an order of the County Court. The office of a guardian is highly fiduciary in its nature, and has been made the subject of careful regulation by statutory provisions. A guardian may pay the just debts of his ward, and demand and sue for debts due to his ward. He may apply the income and profits of the estate to the comfortable and suitable maintenance and support of the ward. In these matters considerable latitude is given to his discretion. See sections 6553, 6554, 6556, Rev. Codes. But the power to sell the estate of the wards, or any portion of it, does not rest in the guardian individually. Neither has he authority to invest the funds of the estate in any kind of securities, except upon application to, and an order of, the County Court. The legal authority for both sales and investments emanates from the County Court, and that court alone. See sections 6561 to 6574, Id., both inclusive. The requirement as to the method to be pursued to make sales of property and to invest funds belonging to wards is specific, and requires that it shall be in pursuance of an order or decree therefor. It was held by the Supreme Court of Iowa, in construing a statute which required guardians to manage estates under the direction of the court, that such requirement implied an inhibition upon the doing of these acts without the direction of the court. See *Bates* v. *Dunham,* 58 Ia. 308, 12 N. W. Rep. 309. And the court in that case also held that a direction to loan the funds of the ward must precede the act of loaning. In the very recent case of *Easton* v. *Somerville* (Iowa) 82 N. W. Rep. 475, the court said: "A guardian cannot, as at common law, loan his ward's money, or invest it in securties, without an order of court. His powers are conferred by statute, and he may loan their money, and in all other respects manage their affairs, under proper orders of the court or a judge thereof. Code, § 3200. Under this section it has been held that a guardian cannot loan the money of his ward, lease his land, or invest his funds without an order of court. * * * Such transactions, made without the order or direction of the Probate Court, are invalid or voidable. at least, until approved by the proper court." See, also, *McReynolds* v. *Anderson,* 69 Ia. 208, 28 N. W. Rep. 558; *Slusher* v. *Hammond,* 94 Ia. 512, 63 N. W. Rep. 185; *Reed* v. *Lane,* 96 Ia. 454, 65 N. W. Rep. 380; *Garner* v. *Hendry,* 95 Ia. 44, 63 N. W. Rep. 359; *Alexander* v. *Buffington,* 66 Ia. 360, 23 N. W. Rep. 754; *Dohms* v. *Mann,* 76 Ia. 724, 39 N. W. Rep. 823.

The County Court of Cass county has exclusive jurisdiction over this estate, and it does not lie within the jurisdiction of any other court to usurp its authority by fastening the title of a guardian's void investments upon his wards by independent evidence. It is patent, then, that where the issue is whether the wards own certain property, which is the fruit of an investment made by the guardian, we must look to the order or decree of the County Court authorizing or directing it, and not to the guardian's report, for the latter is binding only upon himself. In this case plaintiffs have offered no evidence to show that Herline was authorized by the County Court to purchase the note in suit, or that such purchase was approved by the County Court. Neither was the report of the guardian filed in the County Court, and above referred to, approved and allowed. When the plaintiff's wards obtain their majority they may demand the original estate, or its value, reduced only by lawful expenditures and such bad investments as have been authorized by the County Court. They are not at the mercy either of the improvident judgment of their former guardian, or his unlawful diversion of their funds. The bond required to be executed under section 6544, Rev. Codes, stands in lieu of the original estate until it is fully accounted for under the statutes regulating the powers and duties of guardians. It is not necessary to consider whether the written report of Herline was admissable for any other purpose. It is sufficient to say that it has no probative weight on the question of the title of the note, for the reasons already stated. If it affirmatively appeared that no order was in fact made either authorizing or approving the investment of the funds of the wards in the note in suit, it would clearly be our duty to direct a dismissal of the action. As the case stands, however, the record is simply silent on that point. For that reason the order reversing the judgment and directing a new trial, which will afford an opportunity to produce competent evidence of ownership in the wards if it exists, will stand. The petition for a rehearing is denied.

(83 N. W. Rep. 20.)