(86 N. W. Rep. 697.)

---

RALPH W. SHEPARD, *et al vs.* OLE K. HANSON.

Opinion filed May 17, 1901.

**Action on Note—Directing Verdict.**

> It is error for a court, in the trial of an action on a promissory note, where several defenses are pleaded, to direct a verdict for the plaintiff on the sole ground that one of such defenses is not sustained, when there is substantial evidence to sustain any of the other defenses.

**Guardian and Ward.**

> In an action by a guardian of the estate of minors, upon a promissory note which is in terms payable neither to such guardian nor to his wards, but to another person, and is not indorsed either generally or by special indorsement, the ownership of which is challenged by an express denial in the answer, it is *held*, under the evidence referred to in the opinion, showing that said note was delivered to the county court by the payee, who formerly had been guardian of the estate of said minors, to cover a shortage arising from his unlawful use of the trust funds, and that the same was accepted by said court, that title thereto is established in the wards. Whether such transfer operated in law to release such former guardian from liability is not involved or decided.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Ralph W. Shepard and Fred L. Shepard, by guardian, against Ole K. Hanson. Judgment for plaintiffs, and defendant appeals.

Reversed.

*M. A. Hildreth,* for appellant.

*Turner & Lee,* for respondents.

YOUNG, J.  This action is prosecuted by W. C. Resser, as guardian of the estate of Ralph W. Shepard and Fred L. Shepard, minors, to recover upon a promissory note for $154 executed and delivered by the defendant to Frank W. Hurline, on July 2, 1892. The note, by its terms, became due 90 days after the date of its execution. The complaint alleges that said note is, and at all times has been, the property of said minors, and that it is wholly unpaid. The answer places in issue the ownership of the note, and the averment of non-payment by specific denials, and alleges that said note is, and at all times has been, the individual property of Hurline, the payee, and that it has been fully paid. For further defense to the recovery sought herein the answer sets forth three separate counterclaims, existing in defendant's favor, and against Hurline, the payee, arising out of certain business transactions had with him at or about the time the note matured, which was in the fall of 1892. The aggregate amount of these several counterclaims is considerably in excess of the amount of the note in suit, with interest added. The trial was to a jury. At the close of the testimony the court, upon motion of plaintiff's counsel, directed a verdict in plaintiff's favor for the full amount of the note and interest. Subsequently judgment was entered upon the verdict against defendant, from which he prosecutes this appeal. As preliminary to his appeal, counsel for appellant caused a statement of case to be duly settled, containing specifications of a large number of alleged errors, all of which are urged upon our consideration as grounds requiring a reversal of the judgment.

The fifty-fourth assignment of error, and the only one of the errors assigned which we have occasion to refer to, is that the trial court erred in directing a verdict in plaintiff's favor. This assignment must be sustained. The error is manifest. The motion was granted on the single ground that the undisputed evidence showed that the note in suit was the property of plaintiff's wards, and completely ignored all other defenses. It is true the question of ownership was directly in issue and was important, but it was only one of several defenses set forth in the answer. Evidence of a substantial nature was introduced in support of each of the other defenses, from which the jury would have been justified in sustaining them. The question of ownership of the note was not decisive, and the defendant was entitled to have the jury pass upon the evidence as to his other defenses.

It is true defendant was not entitled to an affirmative judgment

against plaintiff on the counterclaims, for the reason that they were not causes of action against either the plaintiff or his wards, but against Hurline, the payee. They were nevertheless proper defenses to a recovery by plaintiff, for the reason that the note in suit was not transferred to his wards until long after its maturity, and it is subject, therefore, to such defenses by this defendant as might have been interposed in a suit by the payee. 4 Am. & Eng. Enc. Law, 316, and cases cited. The exclusion of these defenses, therefore, was error, and renders a reversal of the judgment necessary.

In view of the fact that a new trial must be had, we deem it necessary to consider the question of the ownership of the note. Is it owned by Hurline, the payee. or is it the property of plaintiff's wards? The trial court properly, we think, held that, under the undisputed evidence, it belongs to the wards. If this was the only defense interposed, the directed verdict of which complaint is made would have been without error. The evidence on the question of title is not in dispute. The difficulty lies entirely in its construction. Counsel for plaintiff contends that it establishes title in the wards, while counsel for appellant claims that it does not show a transfer of title from Hurline. the payee. A statement of certain facts is necessary to an understanding of this question. Frank W. Hurline, who is the stepfather of the minors. was appointed guardian of their estate by the county court of Cass county on January 10. 1888, and duly qualified and acted as such guardian from and after the date of his appointment until March 28, 1899, when he resigned, and W. C. Resser, the plaintiff, was appointed to succeed him. The note in suit was given in payment of a balance due upon a former note which defendant had given to Hurline. Neither the present nor the former note were payable to Hurline as guardian, or to the wards by name or otherwise. Both were in terms payable to Hurline individually, and not in a representative capacity. The consideration for the notes did not come from the estate of the wards, but from Hurline individually. It consisted of certain personal property sold to defendant by the latter. The original note was surrendered to defendant when the note in suit was executed. Neither the original note nor the note in suit has ever been indorsed by Hurline, either by general or special indorsement. It continued in Hurline's possession until his resignation as guardian. There can be no doubt that, on the facts thus narrated, the note was owned by Hurline individually, up to the date of his resignation as guardian. The note was unindorsed, and the legal presumption that it was owned by the payee controls. *Tuttle* v. *Becker*, 47 Ia.. 486: *Durien* v. *Moeser*, 36 Kan. 441, 13 Pac. 797; *Gano* v. *McCarthy's Adm'r*, 79 Ky. 409. See, also, *Shepard* v. *Hanson*, 9 N. D. 249, 83 N. W. 20, and authorities cited. This presumption was not overcome by any evidence tending to show a transfer prior to his resignation. The testimony of Hurline, which was introduced over defendant's objection, to the effect that the note belonged to the estate of the wards, was the present opinion of the wit-

ness, and a mere conclusion, and was inadmissible. The note·spoke for itself, and the legal presumption of ownership by the payee could be overcome only by evidence. The fact that Hurline appears to have been both payee and guardian does not suspend the rule requiring evidence of a transfer in fact. The reason of the rule is well stated in *State* v. *Greensdale,* 106 Ind. 364, 6 N. E. 926, as follows: "If a guardian were permitted to assert that a note payable to him personally was that of his ward, then a way would be made easy to grave frauds, since it would be easy to assert that the money lost by the unfortunate investment was the ward's, and not the guardian's. On the other hand, if an investment of the ward's money should be made in the guardian's name, and should prove profitable, the guardian might readily claim it as his own, and thus deprive his ward of a right justly his. It is to prevent such wrongs that the law requires the guardian, when he invests his ward's money, to take notes in his trust capacity." Schouler, Dom. Rel. (4th Ed.) § 345.

There is evidence, however, which conclusively establishes the title to the note in suit in plaintiff's wards. It appears that Hurline during the period of his guardianship, by an unlawful and unwarranted use of the trust estate, became a defaulter to said estate in a large sum. On March 28, 1899, he presented his resignation as guardian to the county court of Cass county, and also a written petition wherein he recited the liability of himself and bondsmen arising out of the "condition of said trust estate and of the assets composing the same," and, for the purpose of settling such liability, tendered a warranty deed of certain real estate to said minors; also a bill of sale of certain personal property,—all of the estimated aggregate value of $8,000. The petition also recites that he has transferred "to said trust estate all notes, accounts, contracts and other evidences of debt, and all property which has been reported by said guardian as belonging to said trust estate, and all property belonging to said trust estate, and herewith makes delivery thereof to said county court for the sole use and benefit of said wards." The note in suit is clearly identified as included in such proposed transfer by reference to other documents on file in the county court. This offer of settlement was accepted by the county court by an order of record, from which we quote the following: "The court having fully considered said offer, and being fully advised of the law and the facts relative thereto, and it appearing from the evidence, and from the files and records herein, that the acceptance and approval of said offer  *  *  *  is for the best interest of said minors and said trust estate, and said guardian having delivered to this court, for the sole use and benefit of said minors, a good and sufficient warranty deed to said real estate,  *  *  *  and a bill of sale of said personal property,  *  *  *  and of all the notes, book accounts, and other evidences of debt, and all property belonging to said minors and said trust estate," etc. Then follows the court's order, which, among other things, in express terms accepts the offer

of settlement. The note was thereupon turned over to the present guardian. This written offer of settlement and the order of the county court are in evidence, and establish a transfer of the title of the note to plaintiff's wards as of the date of said order, namely, March 28, 1899. This is too clear for discussion. The note was Hurline's, and there was no restriction upon his power to transfer in the manner and form followed. Whether such transfer operated in law to entirely discharge him from liability to the wards for his defalcation is a question not involved in this case, and need not be discussed. That question would properly arise in an action instituted either by the present guardian, or by the minors upon reaching their majority, against Hurline to recover the estate intrusted to his care. The language of the court in the opinion on the former appeal (*Shepard v. Hanson,* supra), in denying a petition for rehearing, has no application to the facts as developed at the present trial. We were there considering whether a certain written report made by Hurline, and offered in evidence from the records of the county court, was competent evidence to show that the note was an investment made from the ward's funds. We very properly held that it was not, and that the evidence of investments was to be found in the order of the county court authorizing them. There is no such question now before us on this appeal; for, as we have seen, the note is not an investment, but was the individual property of Hurline, and was transferred to the estate to cover a defalcation. The mooted question as to whether the county court may ratify an investment made by a guardian without previous authority, so as to relieve the guardian from liability and bind the wards to the same, is not involved.

On the facts before us, it appears that the note was Hurline's individual property up to the date of his resignation, when he transfered it as before stated. This was long after it was due, and subsequent to the accruing of the defenses which are pleaded in the answer. It was error, therefore, to exclude such defenses from the consideration of the jury. Judgment reversed, and new trial ordered. All concur.

### ON PETITION FOR REHEARING.

One point urged in the petition for rehearing filed by respondent's counsel requires brief mention. It is urged that during the progress of the trial in the District Court counsel for defendant expressly withdrew the defenses embraced in the three several counterclaims above referred to. It is apparent that such was the view of the trial court in directing the verdict for the plaintiff. The record was carefully considered on this question before the above opinion was written, and we then reached the conclusion that it was not counsel's purpose to withdraw the counterclaims so far as they constituted set-offs against plaintiff's demand, but only to the extent that they were urged as counterclaims proper for the purpose of securing an affirmative judgment against the plaintiff. This withdrawal was in obedience to our former opinion, wherein it was pointed out that they were not

causes of action against plaintiff, and would furnish no basis for an affirmative judgment. *Shepard* v. *Hanson,* 9 N. D. 249, 83 N. W. 20. But that as set-offs they were proper defenses is entirely clear, and it is not conceivable that counsel intended to abandon them for the only purpose for which they were available, and his language, while somewhat obscure in meaning, shows no such intention. But if we are mistaken in this, and the counterclaims were withdrawn for all purposes, the fact remains that the defense of payment was not withdrawn, and on this issue there was substantial evidence which required that it be submitted to the jury. See 18 Am. & Eng. Enc. Law, 203, and cases cited. Much confusion has attended the conduct of this litigation because of the condition of the pleadings. The action was originally commenced by F. W. Hurline, and the pleadings were all drawn in reference to the title of the case as instituted by him. Later, W. C. Resser was substituted as plaintiff, but no amendments of the allegations of the complaint or answer were made to conform to such substitution, with the result that the issues have been much clouded, both at the trials in the District Court and the appeals heard in this court. Before the case is again submitted to the District Court, both the complaint and answer should be reframed to conform to the changed conditions, and all uncertainty as to the issues to be tried eliminated. The petition for rehearing is denied. All concur.