(111 N. W. 615.)

---

## O. W. KERR v. J. M. ANDERSON.

Opinion filed February 20, 1907.

**Bills and Notes — Purchaser in Due Course — Evidence.**

1. An indorsee of a promissory note can recover thereon without showing that he purchased the same in the due course of business, in the absence of any showing that he did not purchase the same in due course.

**Same — Presumption of Indorsee's Good Faith.**

2. A legal presumption exists that the indorsee purchased the same in due course of business, and this presumption continues, unless his title is shown to be defective through fraud or other reason.

**Judgment Notwithstanding the Verdict.**

3. A judgment notwithstanding a verdict will not be granted in every case where a directed verdict is erroneously denied. It is only when there is no reasonable probability that the defects in proof or pleading necessary to sustain the verdict can be remedied on another trial that such judgment will be ordered.

Appeal from District Court, McLean county; *Winchester, J.*

Action by O. W. Kerr against J. M. Anderson. Judgment for defendant, and plaintiff appeals.

Reversed and remanded.

*M. C. Spicer* and *Turner & Wright,* for appellant.

Where a note is admitted in evidence without objection, proof of its execution is not necessary.   Park v. Robinson, 91 N. W. 344; Caledonia Gold Mining Co. v. Newman, 14 N. W. 426; Pitts Agricultural Works v. Young, 62 N. W. 432; Morris v. Henderson, 37 Miss. 492; Price v. Scott, 13 Wash. 574, 43 Pac. 634; Drew v. Drum, 44 Mo. App. 25; Parrott v. Shearer, 17 Mich. 448.

*George P. Gibson,* for respondent, and *James T. McCulloch,* of counsel.

It is error to refuse to direct a verdict for a party when upon the evidence it must be set aside if returned for him.   Bowman v. Eppinger, 1 N. D. 21, 44 N. W. 1000; Thompson on Trials, sections 2247 and 2249; Star Wagon Co. v. Matthiessen, 14 N. W. 107; Am. & Eng. Enc. Pl. and Pr. p. 81; Pleasants v. Fant, 22 Wall. 116, 89 L. Ed. 780; Vickery v. Burton et al., 6 N. D. 245, 69 N. W. 193.

MORGAN, C. J.   Action upon a promissory note by the plaintiff, as indorsee, against the defendant, as maker thereof.   The complaint alleges the execution and delivery and non-payment of the note at maturity, and that the same was duly indorsed to the plaintiff before maturity for a valuable consideration in due course of business. The answer is a general denial.   A jury was impaneled.   Plaintiff established the due indorsement of the note by the payee, and offered the note in evidence, which was received without objction, and thereupon rested.   Defendant rested without offering any evidence.   Plaintiff moved the court to direct a verdict in his favor, and the motion was denied.   The defendant then moved for a directed verdict in his favor, which was granted.   Plaintiff excepted to the rulings on each of these motions.   Plaintiff thereafter moved for a judgment notwithstanding the verdict, and for a new trial.   Both motions were denied.   Plaintiff appeals from the order denying these motions.

The record does not disclose the grounds upon which the trial court granted defendant's motion for a directed verdict.   In their printed argument, the defendant's attorneys attempt to sustain the trial court's action upon the ground that plaintiff offered no evidence. to show that he was an innocent purchaser of the note before maturity.   It was not necessary to offer such evidence.   The presumption is that the indorsement was made in the regular course of business.   The statute expressly so declares, and every holder of nego-

tiable instruments is deemed prima facie to be a holder in due course, unless the title of the person negotiating the instrument is shown to be defective for fraud or other reasons. When this is shown, the burden is then upon the holder to show that he took the instrument in due course. Section 636, Rev. Code 1905. This court has often held that the holder of a negotiable instrument is not primarily bound to establish that he is an innocent purchaser. Shepard v. Hanson, 9 N. D. 249, 83 N. W. 20; Id. 10 N. D. 194, 86 N. W. 704. Plaintiff produced the note in court duly endorsed, and by so doing established prima facie that he acquired title thereto in the due course of business. Daniel on Neg. Ins., section 812, and cases cited.

The fact that plaintiff alleged in his complaint that the note was purchased by him before maturity did not make it incumbent on him to establish that fact by evidence. The statutory presumption was in force with or without such allegation. It was therefore error to direct a verdict in defendant's favor. Plaintiff requests this court to order judgment in his favor notwithstanding the verdict. This is not a proper case for such a judgment. Defendant may be able to show upon another trial that the allegations of the complaint are not true. It is only where there is no reasonable probability that a different showing can be made on another trial, by amendment or evidence, that a judgment notwithstanding the verdict may be ordered. Richmire v. Elevator Co., 11 N. D. 453, 92 N. W. 819; Aetna Indemnity Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436; Meehan v. G. N. Ry. Co., 13 N. D. 432, 101 N. W. 183.

The order denying a motion for a new trial is reversed, and the cause remanded for further proceedings. All concur.