## KERR v. SUNSTRUM.

Opinion filed February 20, 1907.

Appeal from Dictrict Court, McLean County; *Winchester, J.*

Action by O. W. Kerr against P. A. Sunstrum. Judgment for defendant, and plaintiff appeals.

Reversed.

*M. C. Spicer* and *Turner & Wright,* for appellant.
*Geo. P. Gibson,* for respondent.

PER CURIAM. Following the case of Kerr v. Anderson (decided at this term), 111 N. W. 614, 16 N. D. 36, the order denying the motion for a new trial is reversed, and the cause remanded for further proceedings.
(111 N. W. 614.)

------

## KERR v. SWANSON.

Opinion filed February 20, 1907.

Appeal from District Court, McLean County; *Winchester, J.*

Action by O. W. Kerr against Frank Swanson. Judgment for defendant, and plaintiff appeals.

Reversed and remanded.

*M. C. Spicer* and *Turned & Wright,* for appellant.
*Geo. P. Gibson,* for respondent.

PER CURIAM. Following the case of Kerr v. Anderson (decided at this term), 111 N. W. 614, 16 N. D. 36, the order denying the motion for a new trial is reversed, and the cause remanded for further proceedings.
(111 N. W. 615.)

------

## KERR v. HERRED.

Opinion filed February 23, 1907.

Appeal from District Court, McLean County; *Winchester, J.*

Action by O. W. Kerr against Nels O. Herred. Judgment for defendant and plaintiff appeals.

Reversed and remanded.

*M. C. Spicer* and *Turner & Wright,* for appellant.
*Geo. P. Gibson,* for respondent.

PER CURIAM. Following the case of Kerr v. Anderson (decided this term), 111 N. W. 614, 16 N. D. 36, the order denying the motion for a new trial is reversed, and the cause remanded for further proceedings.

(111 N. W. 615.)

---

VANNIE A. HALL v. NORTHERN PACIFIC RAILWAY CO.

Opinion filed March 12, 1907.

**Negligence — Pleading — Plaintiff Must Recover, If at All, on Act Complained of.**

1. A complaint in an action to recover damages for negligence must state the act of negligence complained of, and the plaintiff must recover, if at all, upon the particular act of negligence stated in the complaint.

**Carriers — Question of Negligence Submitted to Jury.**

2. Evidence examined, and *held* to be sufficient, under the rule heretofore established by this court, to require a submission to the jury of the question of defendant's negligence as alleged in the complaint.

**Same.**

3. It was properly a question for the jury to say under all the evidence whether or not plaintiff was guilty of negligence contributing to the injury complained of.

Appeal from District Court, Eddy County; *Burke,* J.

Action by Vannie A. Hall against the Northern Pacific Railway Company. Judgment for defendant, and plaintiff appeals.

Reversed.

*S. L. Glaspell,* for appellant.

Where the evidence is in doubt, or in conflict, or when different inferences may be drawn from undisputed evidence, the suit should be submitted to the jury. Cameron v. Great Northern R. Co., 8 N. D. 124, 77 N. W. 1016; Hove v. Chicago & N. W. Ry. Co., 62 Wis. 666; Detroit & Milwaukee Ry. Co. v. Steinberg, 17 Mich. 99;