# G. S. SCHWARTZ v. NICK HENDRICKSON.

## (128 N. W. 117.)

**Trial — Motion by Both Parties for Directed Verdict.**

1. Plaintiff proved his case and rested. No testimony was offered by defendant. Thereupon the latter moved for a directed verdict, and later a similar motion was made in plaintiff's behalf. The court denied plaintiff's motion and granted defendant's, whereupon a verdict was entered in defendant's favor. *Held*, both rulings were erroneous.

**Appeal and Error — Harmless Error.**

2. Plaintiff, instead of moving for a new trial, moved for judgment notwithstanding such verdict. Thereupon defendant moved that the verdict be vacated and that he be allowed to furnish proof of the defenses alleged in his answer. The latter motion was granted on terms, and plaintiff's motion denied.

*Held*, that such order, although irregularly issued, is nonprejudicial to plaintiff, as he is not entitled to judgment *non obstante veredicto*, but merely to a new trial, and this, in effect, was granted by the order complained of.

Opinion filed September 14, 1910.

Appeal from District Court, Ward county; *E. B. Goss*, J.

Action by G. S. Schwartz against Nick Hendrickson. From an order denying plaintiff's motion for judgment notwithstanding the verdict, and granting defendant's application to vacate the verdict and for leave to furnish proof in support of the defenses alleged, plaintiff appeals.

Affirmed.

*F. B. Lambert,* for appellant.

An election once made by one having the right to make it, is final. Moline Plow Co. v. Rodgers, 53 Kan. 743, 42 Am. St. Rep. 317, 37 Pac. 111; Fowler v. Bowery Sav. Bank, 113 N. Y. 450, 4 L.R.A. 145, 10 Am. St. Rep. 479, 21 N. E. 172; Bailey v. Hervey, 135 Mass. 173; Crompton v. Beach, 62 Conn. 25, 18 L.R.A. 187, 36 Am. St. Rep. 323, 25 Atl. 446; Gray v. St. John, 35 Ill. 222; Nield v. Burton, 49 Mich. 53, 12 N. W. 906.

Motion for new trial is statutory, and must be made as the statute directs. Parrott v. Hot Springs, 9 S. D. 202, 68 N. W. 329; Illstad v. Anderson, 2 N. D. 167, 49 N. W. 659; Thuet v. Strong, 7 N. D. 565, 75 N. W. 922; McTavish v. Great Northern R. Co. 8 N. D.

94, 76 N. W. 985; Gould v. Duluth & D. Elevator Co. 2 N. D. 217, 50 N. W. 969; Anderson v. First Nat. Bank, 5 N. D. 80, 64 N. W. 114; Fletcher Bros. v. Nelson, 6 N. D. 94, 69 N. W. 53; Henry v. Maher, 6 N. D. 413, 71 N. W. 127.

Verdict cannot be set aside on the court's own motion except it is a plain violation of instructions, or evidence, or the result of passion. Rev. Codes 1905, 7066; Gould v. Duluth & D. Elevator Co. 2 N. D. 216, 50 N. W. 969; Clement v. Barnes, 6 S. D. 483, 61 N. W. 1126; Flugel v. Henschel, 6 N. D. 205, 69 N. W. 195.

*James Johnson,* for respondent.

The motion and affidavit, papers and proceedings warranted a re-opening of the case, in the discretion of the court. Finch v. Martin, 13 S. D. 274, 83 N. W. 263; Gotzian v. McCollum, 8 S. D. 186, 65 N. W. 1068; Finney v. Northern P. R. Co. 3 Dak. 270, 16 N. W. 500; Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63; Sim v. Rosholt, 16 N. D. 77, 11 L.R.A.(N.S.) 372, 112 N. W. 50; Clopton v. Clopton, 10 N. D. 569, 88 Am. St. Rep. 749, 88 N. W. 562; Wolmerstadt v. Jacobs, 61 Iowa, 372, 16 N. W. 217; State v. Dougherty, 70 Iowa, 439, 30 N. W. 685; Flickinger v. Omaha Bridge & Terminal R. Co. 98 Iowa, 358, 67 N. W. 372.

FISK, J. The record on this appeal presents a somewhat unusual state of facts. In brief the complaint alleges that plaintiff furnished to defendant certain nursery stock and performed certain labor for him in transplanting same at the agreed price and reasonable value of $2,200, no part of which has been paid. The answer admits that the nursery stock and labor were furnished to him, but not by plaintiff, except as the agent and representative of the Itaska Park Region Nursery Company. Such answer also alleges that payment to and settlement with such company was made by defendant with plaintiff's full knowledge and consent. The issues thus framed were tried to the jury, and the only testimony offered was that offered by plaintiff, who called defendant for cross-examination under the statute, and he identified a certain written agreement signed by himself and plaintiff individually, and in effect admitted that the nursery stock and labor were furnished to him as alleged in the complaint. The agreed price and value thereof were not in dispute. At the conclusion of such testimony plaintiff

rested, whereupon defendant's counsel moved for a directed verdict in defendant's favor, and thereafter plaintiff's counsel made a similar motion in plaintiff's behalf. The latter motion was denied and plaintiff excepted to the ruling. The court then granted defendant's motion, and a directed verdict was accordingly returned and entered over plaintiff's objection. In due time plaintiff, instead of moving for a new trial, moved for judgment notwithstanding such verdict. After this motion was argued and submitted, but before a decision, defendant's counsel served on plaintiff's counsel a notice of motion for leave to open the case and be allowed to introduce evidence. The latter motion was entertained by the court and apparently treated as a motion for a new trial. In support of such motion, the affidavit of defendant was presented, in which the truth of the various facts alleged in the answer is reaffirmed and in which defendant, among other things, prays "that he be allowed a day in court to prove the facts set forth." No excuse is furnished for not making such proof at the proper time. Notwithstanding this, the court, over plaintiff's objection, granted the latter motion and denied plaintiff's motion. These rulings, together with those previously mentioned, form the basis of appellant's assignments of error.

The court, no doubt, committed error in granting defendant's motions. There was absolutely no testimony to support a verdict in defendant's favor, nor is there any warrant for the procedure subsequently adopted, whereby defendant, who certainly is not the aggrieved party, should in effect be awarded a new trial.

On the other hand we fail to perceive how plaintiff is in any respect prejudiced by the vacation of the erroneous verdict against him. It occurs to us that plaintiff is in no position to complain of the various rulings, unless he is entitled to judgment notwithstanding the verdict. We do not think he is entitled to such relief. A new trial has, in effect, been ordered. This is all he is entitled to. This court, in Kerr v. Anderson, 16 N. D. 36, 111 N. W. 614, under analogous facts, so held.

For the above reasons the order appealed from is affirmed.

All concur, except MORGAN, Ch. J., not participating.