JOHN PEWONKA, A MINOR, BY FRANK PEWONKA, GUARDIAN AD LITEM, v. ALEX STEWART.

Opinion filed May 12, 1904.

**Negligent Obstruction of Highway — Liability for Damages.**

    1. A person negligently obstructing a highway, causing an injury to a person traveling on such highway in the nighttime without fault or negligence, said highway having been regularly traveled by the public for years, cannot defend against such negligence by proving that such highway was not legally established or traveled, nor upon the ground that such highway is upon the right of way of a railroad company.

**Directed Verdict.**

    2. A verdict should not be directed when there is a substantial conflict in the evidence upon a material issue.

Appeal from District Court, Traill county; *Pollock, J.*

Action by John Pewonka, by Frank Pewonka, his guardian ad litem, against Alex Stewart. Judgment for defendant and plaintiff appeals.

Reversed.

*W. J. Courtney* and *Morrill & Engerud,* for appellant.

That a street or highway may become such by public use without dedication, is well established. Mason v. Sioux Falls, 51 N. W. 770; (S. D.) ; Coulter v. Great Northern Ry. Co., 5 N. D. 568, 67 N. W. 1046; Walcott Tp. v. Skauge, 6. N. D. 382, 71 N. W. 544.

As to whether a given obstruction in a street renders it unsafe for public travel, is purely a question of fact which should be left to the jury. Heckman v. Evenson, 7 N. D. 173, 73 N. W. 427.

A case should never be taken from the jury when there is a controverted question of fact presented by the evidence. Vickery v. Burton, 6 N. D. 245, 69 N. W. 193; McRae v. Hillsboro Nat. Bank, 6 N. D. 353, 70 N. W. 813; Pirie v. Gillett, 2 N. D. 255, 50 N. W. 710; Slattery v. Donnelly, 1 N. D. 264, 47 N. W. 375; Cameron v. Great Northern Ry. Co., 8 N. D. 125, 77 N. W. 1016.

Where one is injured by the joint agency or co-operation of several persons, all, who are in any manner connected with the wrongful act, are severally liable for such injury. Doremus v. Root et al., 54 L. R. A. 649; Cuddy v. Horn, 10 N. W. 32; Wyss v. Grunert, 83 N. W. 1095; Patterson v. Wabash, St. L. & P. Ry. Co., 19 N. W. 761.

*John Carmody* and *William Barclay,* for respondent.

Dedication of a public highway from use and implied consent must be based on a clear intent, and the acts and circumstances relied on to establish it must be unequivocal and convincing; and unless such intent can be found in the facts and circumstances of the particular case no dedication exists. Morrison v. Marquardt, 24 Iowa, 35; Dillon Mun. Corp. (4th Ed.) section 636; Elliott on Roads and Streets, 99.

There being no highway, plaintiff was a trespasser and defendant owed him no legal duty. Where there was no duty, there was no negligence. Akers v. Chicago, St. P., M. & O. Ry. Co., 60 N. W. 669; O'Leary v. Brooks Elevator Co., 7 N. D. 554, 75 N. W. 919, 47 L. R. A. 677.

Plaintiff was only a licensee on the premises and he accepts whatever peril he incurs in the use of such license. Indiana, B. & W. R. Co. v. Barnhart, 115 Ind. 399, 16 N. E. 121.

MORGAN, J.   This is an action to recover damages on account of injuries received by the plaintiff through the alleged negligence of the defendant.   The facts as developed at the trial are as follows: The plaintiff was driving over what is alleged in the complaint to be a public highway of the village of Galesburg, at 4 o'clock a. m. of November 21, 1902, and, while going home from a dance, ran against a post placed in the center of the traveled portion of the highway, and was thrown from his carriage and injured.   The post was placed in the highway by the defendant, or some other person engaged in moving a schoolhouse over said highway.   The placing of posts in the highway was necessary in order to move the schoolhouse in the manner in which it was being moved.   The posts were placed in the highway about 90 feet in front of the schoolhouse, and were about 8 inches in diameter, and, as placed, were about 3 feet above the ground.   The traveled part of the highway was about one rod in width, and its whole width about three rods at the point where the posts were.   The highway had been traveled by the public generally for at least 16 years, and was traveled by persons coming to the village from the south, or in going therefrom in that direction.   On the west side of the highway are grain elevators and lumber yards; on the east, stores and other buildings.   It runs through the business portion of the village, and is traveled as much as any street of the village.   On November 21st the schoolhouse was being

moved over this highway, and at the close of the work of moving it on that day was left in the street, without taking any precautions to warn travelers by signals of any kind that the posts and school house were in the highway. The leaving of these posts on the traveled highway without warning signals is the negligence charged against the defendant as the proximate cause of the plaintiff's injury and damage.

The defendant denies that he caused the injury, and claims that the plaintiff was not rightfully upon the highway at the time of the injury, for the reason that such highway was on the right of way of the Great Northern Railway Company, and, further, that plaintiff was injured in consequence of his own negligence at the time of the injury. The evidence shows that this highway was upon such right of way, but it does not show whether the whole of it is on such right of way or not. We shall treat the case as though the evidence showed that the whole of the highway at this point is upon the right of way. There is no evidence that any part of the street has ever been laid out as a highway. The evidence is undisputed, however, that it has been generally and continuously traveled by the public. At the close of the taking of testimony the district court directed a verdict for the defendant, and judgment was entered dismissing the action. The plaintiff has appealed from such judgment, and assigns as error the direction of a verdict for defendant. Defendant claims that plaintiff cannot recover for three reasons: (1) That the highway on which the injury occurred was not a legal highway, and that plaintiff was not rightfully thereon, because it was upon the right of way of the railway company; (2) that defendant was not in charge of the moving of the schoolhouse; and (3) that plaintiff was injured in consequence of his own contributory negligence.

We are satisfied that a verdict should not have been directed in defendant's favor upon either of the grounds mentioned. Relating to the ground first mentioned, it is undisputed that the highway had been used for travel by the public without interruption for over 16 years. It was used by pedestrians and for vehicles as much if not more than any street of the village. There is testimony in the record that the highway had been graded, but by whom is not stated. Without deciding what the relative rights of plaintiff and the railway company would have been in case the injury had been caused by the negligence of the company, we have no hesitation in holding that the defendant is liable for any injury to

the plaintiff caused by his negligence. The fact that the plaintiff was upon a highway not legally laid out or established cannot be a justification for his own negligence. That the highway was not legally laid out, and was upon the railway company's right of way, was in no manner the cause of the injury. That fact did not contribute in any way to the cause of the collision. It was not remotely or proximately the cause of the injury to the plaintiff. If the plaintiff be considered a licensee or a trespasser, the defendant must be considered the same. They were upon the highway with equal rights, and owed each other the same measure of duty and care. Before the fact that the highway in question had not been legally established as such can avail the defendant as a defense, plaintiff's injury must be shown to have been the result of that fact. To permit defendant to avail himself of that fact as a defense would be to allow as a defense that which was in no way responsible for the injury. If plaintiff was acting unlawfully or wrongfully or without authority, such fact was not the cause of the injury, and not connected with the injury, directly or indirectly, and cannot therefore, in law, be a defense to the defendant if the injury was caused by his own negligence. Daltry v. Media Elec. Co. (Pa.) 57 Atl. 833. In Sutton v. Wauwatosa, 29 Wis. 21, 28, 9 Am. Rep. 534, the court said: "And as to the other principle, that the act or conduct of the plaintiff which can be imputed to him as a fault, want of due care, or negligence on his part contributing to the injury, must have some connection with the injury as cause to effect, this also seems almost too clear to require thought or elaboration. To make good the defense on this ground, it must appear that a relation existed between the act or violation of law on the part of the plaintiff and the injury or accident of which he complains, and that relation must have been such as to have caused or helped to cause the injury or accident of which he complains, not in a remote or speculative sense, but in the natural and ordinary course of events, as one event is known to precede or follow another." If it be conceded, therefore, that the plaintiff was wrongfully or even unlawfully upon the highway at the time of the injury, it does not follow that the defendant can justify his own wrongful negligence through that fact, in a case where plaintiff's wrong did not contribute to the injury. A wrongful act on the plaintiff's part cannot be set off as against defendant's wrongful act of negligence. In Norris v. Litchfield, 35 N. H. 271, 69 Am. Dec. 546, the court said: "It is not enough, then, to show that

a party is a wrongdoer or a trespasser or a violator of the law, to defeat his action for damage sustained from the negligence of another. It must be shown that such act is a fault which has directly contributed to the loss or damage of which the party complains." Thompson on Negligence, vol. 1, section 82, and cases cited; Welch v. Wesson, 6 Gray (Mass.) 505; Steele v. Burkhardt, 104 Mass. 59, 6 Am. Rep. 191. The defendant had knowledge that the highway in question had been traveled by the public for years, and knew that it was then used for travel. If the leaving of the posts in the highway without any precautions taken to warn travelers of danger was negligence on the part of the defendant, and that likelihood of danger to travelers should reasonably have been foreseen, it was defendant's duty to guard against the danger, and failure to do so was negligence. Enc. Law, vol. 21, p. 486, and cases cited. The principle that persons must conduct themselves and use their property, and property under their control, so as not to be likely to injure others, applies in this case. Mayer v. Thompson-Hutchinson Company, 104 Ala. 611, 16 South. 620, 28 L. R. A. 433, 53 Am. St. Rep. 88; Baird v. Shipman, 132 Ill. 16, 23 N. E. 384, 7 L. R. A. 128, 22 Am. St. Rep. 504; Thompson on Negligence, vol. 1. section 694, and cases cited; Daltry v. Media Elec. Co., supra.

It is further insisted that defendant was not liable for the leaving of the posts in the highway without signals, and that he was not the person who set the posts in the highway. The evidence is conflicting upon the question as to who was in charge of the moving of the building. We do not think that the defendant's liability depends necessarily upon the question whether he performed the physical act of placing the posts in the ground. The setting of the posts in the ground was a necessary work in the moving of the building, and the setting of them was not necessarily a negligent act. It is the leaving of them in the highway without taking any steps to warn travelers of their presence there that is pleaded as the negligent act. If leaving them in that condition was negligence, it must be charged to the person or persons having charge of the work of moving the building. Whether he or they were present when so left, or had knowledge that it was so left, would be immaterial, as would it be that others assisted in the work. This would not excuse the defendant from fault if he was in charge of moving the building. He cannot escape liability on the ground that those employed by him to move the building were responsible for the negligence. There is

competent evidence in the record that defendant had charge of the moving of the building; that he directed the work of the men engaged in moving the building, and hired men to assist. There is also competent evidence that the moving of the building was in charge of others. Under such substantial conflict, it was a question for the jury to determine whether the defendant was guilty of the alleged negligent act or not, and taking the question away from the jury was error. Shepard v. Hanson, 10 N. D. 194, 86 N. W. 704, and cases cited.

It is, lastly, urged that the plaintiff was guilty of negligence that caused and contributed to the injury, and without which no injury would have occurred. The negligence attributed to him is that he had driven by the posts in question on the evening previous, and should have avoided them in the morning when he ran into them. He testifies that it was dark when he drove on the highway in the evening, and dark when he ran into them in the morning, and he further testifies that he drove on the west side of the highway on the previous evening. This does not constitute contributory negligence as a matter of law.

The judgment is reversed, a new trial granted, and the cause remanded for further proceedings according to law. All concur.

(99 N. W. 1080.)

NOTE—On the law of streets and highways, see a very valuable reporter's note by the late Judge Cochrane to Hechman v. Evenson, 7 N. D. 173.