SECOND NATIONAL BANK OF BUCYRUS, OHIO, AND THE CENTRAL NATIONAL BANK OF BATTLE CREEK, MICHIGAN, v. G. H. WERNER.

Opinion filed April 1, 1910.

**Bills and Notes — Innocent Purchaser for Value — Indorsement Before Maturity.**

1. The indorsee before maturity of negotiable paper as collateral security to an indebtedness created concurrently with the indorsement and delivery of such paper, and in consideration thereof, in good faith, and without notice of infirmities, is an innocent holder for value within the meaning of our negotiable instruments law.

**Bills and Notes — Bona Fide Purchaser — Evidence.**

2. Evidence examined, and *held*, that each plaintiff took the note indorsed and assigned to it in the regular course of business in good faith, before maturity, and for a valuable consideration.

Appeal from District Court, Wells County; *Burke, J.*

Action by the Second National Bank of Bucyrus, Ohio, and another against G. H. Werner. Judgment for defendant, and plaintiffs appeal.

Reversed and judgment ordered for plaintiffs.

*Turner, Wright & Lewis,* for Appellants.

Endorsee who takes notes as collateral to secure a previous debt, is not a bona fide purchaser, etc. Porter v. Andrus, 10 N. D. 558, 88 N. W. 567. Note taken as collateral for debt created at that time is "in due course of business." Banks v. Eubanks, 101 S. W. 687; Stewart v. Givens, 107 S. W. 422; Brown v. James, 114 N. W. 591; Galliher v. Galliher, 10 Lea 23, 29; Martin v. Bank, 102 S. W. 131; Belanger v. Robert, 21 Quebec Sup. Ct. 518.

Unless notice was in writing or by registered   mail it was void. Fahey v. Esterly Harv. Mch. Co., 3 N. D. 220, 55 N. W. 580; Minn. Thresher Co. v. Lincoln, 4 N. D. 419, 61 N. W. 145; Case Co. v. Ebbighausen, 11 N. D. 466, 92 N. W. 826.

*Fred Jansonius (Youngblood & Whipple,* of counsel), for Respondent.

Form of notice of breach of warranty immaterial if responded to. Fahey v. Esterly Harvesting Co., 3 N. D. 220; Minnesota Thresher Mfg. Co., v. Lincoln, 4 N. D. 419, 61 N. W. 145; Case Co. v. Ebbighausen, 11 N. D. 466, 92 N. W. 826; Buchanan v. Minneapolis Thresher Mch. Co., 116 N. W. 335.

CARMODY, J.  The plaintiffs have joined in bringing this action to forclose a chattel mortgage, and to recover judgment for the two promissory notes, to secure which the mortgage was given.  Each plaintiff holds one of the two notes as collateral to an indebtedness due it. from the Marion Manufacturing Company of Ohio, the payee named therein.  Each note was indorsed and transferred before maturity, and to. secure an advancement or loan of money made at the time to the said Marion Manufacturing Company of Ohio, the holder thereof.  The loan by the Central National Bank of Battle Creek, Mich., was $5,000, upon which there was due and unpaid at the time of the trial of this action $3,800.  On the loan by the Second National Bank of Bucyrus, Ohio, there was due and unpaid at the time of the trial of this action the sum of $2,478. The proof shows the indorsement of the notes by the payee through its treasurer, and the delivery thereof to the respective plaintiffs on September 26, 1906, and the consideration therefor.

The testimony of the officers of the plaintiffs shows that the notes were taken in the regular course of business in good faith, before maturity, and for a valuable consideration.  This testimony is undisputed.  The defense interposed was a breach of warranty of a threshing machine purchased from the Marion Manufacturing Company, for which the notes were given, and that a return of the threshing machine to the  Marion Manufacturing Company at Bowdon, N. D., was made before the commencement of this action. The note held by the plaintiff bank of Battle Creek was due on or before December 1, 1907.  The note held by the plaintiff bank of Bucyrus, Ohio, was due on or before the 1st day of December, 1906.  Each note contained a provision that a failure to pay any one of which, or the interest thereon, when due rendered the entire

series due and collectible at option of the payee or legal holder. This action was commenced October 2, 1907. Before the commencement of this action, the Marion Manufacturing Company became bankrupts, and a trustee in bankruptcy was appointed therefor. It also appears that before the commencement of this action, and after the notes were indorsed and transferred to plaintiffs, alleged collectors for the Marion Manufacturing Company demanded payment of these notes from defendant. On or about October 23, 1906, a letter, purporting to be written at Fargo by the Marion Manufacturing Company of Ohio by M. R. Archer, was received by the defendant, calling his attention to the fact that such manufacturing company understood that he had pulled the machine back to Bowdon, but that the company would not receive it, and that his note was due December 1, 1906. On the 13th day of September, 1907, an action was commenced by the trustee of the Marion Manufacturing Company against the defendant on these same notes by Turner & Wright, the attorneys for the plaintiff in this action. The action commenced in favor of the trustee was dismissed on the commencement of this action. This action was tried before the court without a jury, who made findings of fact and conclusions of law in favor of the defendant, on which findings and conclusions a judgment was entered, from which judgment plaintiffs appeal to this court and desire a review of the entire case.

The evidence of the defendant as to the breach of warranty of the Marion Manufacturing Company as to the threshing machine, and as to the attempts to collect these notes by other parties than the plaintiffs, and as to the commencement of the action by the trustee of the Marion Manufacturing Company was objected to by the plaintiffs. At the time of the trial, and before the commencement thereof, the defendant called for a jury on the ground that the question at issue was whether the notes were assigned in due course of business before maturity, and that there was nothing in the pleadings that would make it an equitable action; and, further, that this was not an action for foreclosure, and could not be sustained under the pleadings for the reason that the complaint does not state that no proceedings at law or otherwise have been had for the foreclosure of this debt as provided by statute. This request was denied. In this ruling there is no error. It is not necessary to allege in the complaint in an action to foreclose a chattel mortgage that no proceedings at law or otherwise have been had for the recovery of the

debt secured by such mortgage. See article 5, c. 30 (Code Civ. Proc.) Rev. Codes 1905 .

If the plaintiffs are good-faith holders of the notes in question before maturity and for value within the meaning of our negotiable instruments law, then the judgment must be reversed, and the plaintiffs awarded the relief demanded. The trial court found that the notes were given for a threshing machine under a warranty, of which there was a breach, and that the defendant, with the consent of the Marion Manufacturing Company, returned the threshing machine to Bowdon, where the defendant received the same. The trial court also made the following findings of fact: "That the plaintiff, the Second National Bank of Bucyrus, thereafter, and after the maturity of said note, and with notice and knowledge of the breach of warranty and failure of consideration, obtained possession and control of said the first-mentioned note and mortgage, but not in good faith or as an innocent purchaser. That the plaintiff, the Central National Bank of Battle Creek, Mich., thereafter, and after the maturity of the second mentioned note, obtained possession and control of said second mentioned note, but not in good faith as an innocent purchaser, but with full notice and knowledge of the breach of warranty and failure of consideration" —and among other conclusions of law, made the following: "That the plaintiff, the Second National Bank of Bucyrus, Ohio, was not an innocent purchaser in good faith and before maturity of its said note in the premises described. That the plaintiff, the Central National Bank of Battle Creek, Mich., was not an innocent purchaser in good faith and before maturity of its said note in the premises described."

The two last-mentioned findings of fact are wholly unsupported by any competent evidence. The evidence conclusively shows that the plaintiffs were good-faith holders of the notes before maturity and for value. The cashier of each of the plaintiffs testified that on the 26th day of September, 1906, his bank made the loan hereinbefore stated to the Marion Manufacturing Company of Ohio, the Second National Bank of Bucyrus taking the $469 note with other bills receivable of the Marion Manufacturing Company as collateral security, and the Central National Bank of Battle Creek taking the $400 note with other bills receivable of the Marion Manufacturing Company of Ohio as collateral security. This testimony is undisputed. There is nothing inconsistent with plaintiffs' claim

in the fact that the Marion Manufacturing Company was looking after the collection of these notes. It had still an interest in them. It was depending on the payment of these and other notes to pay its indebtedness to plaintiffs. It is not unusual for the payee of a note put up as collateral to look after its collection. Neither is it a suspicious circumstance that plaintiffs' attorneys, Turner and Wright, commenced an action in the name of the trustee of the Marion Manufacturing Company against the defendant for the collection of these notes and the foreclosure of the chattel mortgage, mentioned in the complaint in this action. E. H. Wright, one of such attorneys, testified that, at the time they commenced the first action, they commenced about a dozen actions, most of them in the name of the trustee, and that the action on these notes was inadvertently commenced in his name. As soon as they discovered the mistake, they dismissed that action and commenced the one at bar. Six days before the commencement of the first action, plaintiffs' attorneys on behalf of the Second National Bank of Bucyrus, Ohio, wrote defendant a letter, asking for payment of the $469 note held by such bank. At that time plaintiffs' attorneys had in their possession a large amount of paper, in which the Marion Manufacturing Company was payee; some of it owned by the trustee, and some of it held by different banks.

It follows from what we have said that each plaintiff is the holder of the note assigned and indorsed to it in due course and for value.

The judgment of the district court is reversed, and that court directed to enter a judgment in favor of plaintiffs for the relief demanded in the complaint. All concur.