BANK OF BARABOO, Respondent, vs. LAIRD, Appellant.

*May 16—June 4, 1912.*

*Bills and notes: Owner in due course: Notice to maker.*

The rights of a bank as owner in due course of a note purchased by it are not prejudiced by the sending of a notice to the maker stating that the note is at the bank "for collection."

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

*V. H. Cady,* for the appellant.

For the respondent there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *E. A. Evans.*

WINSLOW, C. J.  The action is upon a negotiable promissory note executed by the defendant to a corporation called the Great Lakes Portland Cement 'Company, which note was afterwards purchased by the plaintiff.  The defense was that the execution of the note was induced by fraud, and that the plaintiff did not become the owner thereof in due course.

Upon the trial it appeared that the note was a three-months note executed and dated October 10, 1910, and the plaintiff's cashier testified that the same was purchased by the bank from the agent of the promisee in the regular course of business on the 18th of October for the face thereof, less a discount of seven per cent. for the time it had to run.  There was nothing in the case tending to contradict or throw any serious doubt on this testimony unless it be the fact that when the note fell due the bank sent a notice to the maker stating that the note in question was at the bank "for collection," instead of stating that the bank owned the note.  Testimony by the defendant to the effect that the assistant cashier of the bank made an oral request of the defendant to pay the note, in the course of which he stated that the same was at the bank "for collection," was ruled out, and a verdict for the plaintiff for the full amount of the note, principal and interest, was directed.  Certain testimony tending to prove certain of the

alleged fraudulent representations was received, but the court held that the testimony showed without dispute that the plaintiff was the owner in due course for value, and on this ground directed the verdict.

The ruling of the trial court was manifestly right.  The note was bought over the counter of the bank in regular business hours at the ordinary rate of discount, and there was nothing in its appearance to indicate that it was anything more or less than an ordinary negotiable note given by a business man in the ordinary course of his business.  The fact that the bank notified the maker that the note was at the bank "for collection" cuts no figure.  We suppose that such notices are sent out by all banks whether they own the particular note in question or not.  They are not inconsistent with ownership by the bank.  There might perhaps be special circumstances surrounding a given case where such a notice or statement might acquire the significance of an admission that the bank was not the owner, but there are no such facts here.

*By the Court.*—Judgment affirmed.