## FARMERS BANK OF MERCER COUNTY, a Corporation, v. JACOB RIEDLINGER.

### (146 N. W. 556.)

**Promissory note — indorsee — action by — evidence — note — duly indorsed — put in evidence — indorsement not in issue — prima facie case — due course — innocent purchaser — maturity.**

1. In an action by an indorsee upon a promissory note the production of the

---

Note.—On the question whether the holder of a bill or note as collateral security is a bona fide holder, see note in 31 L.R.A.(N.S.) 287.

note in court duly indorsed, the indorsement not being put in issue by the answer, a prima facie case that the indorsee acquired title thereto in due course of business is made, and in the absence of any contrary showing, no further evidence is necessary to show that the plaintiff was an innocent purchaser before maturity.

**Negotiable promissory note — holder — collateral — duly indorsed before maturity — action.**

2. The holder of a negotiable promissory note, duly indorsed before maturity, as collateral to the note of a third party, may maintain an action thereon.

**Holder — notice to make — in his hands for collection — immaterial — words — for collection.**

3. The fact that the holder of a negotiable promissory note in due course notified the maker thereof that it was in its hands for collection, rather than as collateral, is immaterial, especially where it is shown by the evidence that the use of the words "for collection" was an inadvertence.

**Principal note — collection — failure to enforce — suit on collateral — no defense.**

4. The failure to enforce or attempt to enforce collection of a principal note before bringing suit upon collateral when due is no defense to an action upon the collateral by the holder thereof.

Opinion filed March 13, 1914.

Appeal from a judgment of the District Court of Sheridan County, *Honorable W. H. Winchester, J.*

Reversed.

*Thorstein Hyland,* for appellant.

The offer in evidence by the plaintiff, holder of a negotiable promissory note, duly indorsed, where the indorsement is not in issue, made a prima facie case, the presumption being that plaintiff acquired same in due course, before maturity. Rev. Codes 1905, § 6361; Kerr v. Anderson, 16 N. D. 36, 111 N. W. 614; Shepard v. Hanson, 9 N. D. 249, 83 N. W. 20.

It is immaterial whether the same was purchased outright or held as collateral. Second Nat. Bank v. Werner, 19 N. D. 485, 126 N. W. 100; Monett State Bank v. Eubanks, 124 Mo. App. 499, 101 S. W. 687; Brown v. James, 80 Neb. 475, 114 N. W. 591; Galliher v. Galliher, 10 Lea, 29; Martin v. German American Nat. Bank, — Tex. Civ. App. —, 102 S. W. 131; Belanger v. Roberts, Rap. Jud. Quebec, 21 C. S. 518.

SPALDING, Ch. J.   This action was brought to recover upon a promissory note for $600, given by the respondent to one Carl Semmler, dated June 13, 1911, due and payable five months after date.   The complaint is in the usual form, and alleges that on or about the 14th day of June, 1911, said Semmler indorsed said note, that the plaintiff is the owner by purchase in the usual course of business, in good faith and for value.   The answer admits the execution and delivery of the note, but denies that plaintiff is a good-faith purchaser or for value, and alleges that it is now, and at all times has been, the property of Carl Semmler.

After both parties had rested, the defendant moved the court to direct the jury to return a verdict in his favor, dismissing the case upon the ground that the evidence showed that plaintiff was not the owner of the note, but that it took it as collateral security, and that the plaintiff had failed to establish that, prior to the commencement of the action, it had exhausted its rights against the maker of the note, and could not recover from him.   This motion was granted, and the action dismissed, and judgment entered accordingly.   From the denial of a motion for a new trial and the judgment, plaintiff appeals.

We shall not consider the assignments of error in detail, but only refer to those which center around the motion for a directed verdict. The propositions of law are simple and elementary, and it would appear from the fact that no appearance has been made in this court by respondent, that he has so concluded.

The plaintiff offered in evidence the promissory note the making and delivery of which was admitted by the answer.   The note showed a blank indorsement by the payee, Semmler.   This indorsement was not negatived by the pleadings, and, when the note was offered, defendant objected to receiving it in evidence on the ground that no proper foundation had been laid, and because the indorsement was not dated, and did not show when the note was transferred.   The court sustained this objection, and an exception was entered.

By producing the note in court, duly indorsed, indorsement not being traversed by the answer, plaintiff established prima facie that it acquired title thereto in due course of business.   The statutory presumption was in force, and it was not necessary to offer evidence of the fact that the plaintiff was an innocent purchaser before maturity.   Rev.

Codes 1905, § 6361; Shepard v. Hanson, 9 N. D. 249, 83 N. W. 20; Kerr v. Anderson, 16 N. D. 36, 111 N. W. 614.

On. the rejection of the evidence offered, plaintiff placed upon the witness stand its cashier, who testified that the note in suit was taken as collateral to a note made by Semmler to the plaintiff on the 14th day of June, 1911, that the note from Semmler was given for a loan of $375.

That the holder of collateral, under such circumstances, may maintain an action on the collateral, is too elementary to be questioned. Rev. Codes 1905, § 6353. In this case it is immaterial whether he was a holder in due course, because no defense was attempted on the merits as against the note itself, but, under the terms of the negotiable instruments law, the bank was unquestionably the holder in due course. See Rev. Codes 1905, § 6354; Dan. Neg. Inst. 6th ed. § 824.

It developed on the trial that the cashier of the plaintiff had demanded payment of defendant, and, in his letter making the demand, had stated that the note was in the bank's hands for collection, and from the record it would seem as though the trial court had taken this into consideration in passing upon the motion for a directed verdict. The situation was fully explained by the cashier. There was no conflict in the evidence, the defendant submitting no testimony, and, if material, it was apparent that the use of the term "for collection" was an inadvertence. It does not in any manner, therefore, affect the issues. Second Nat. Bank v. Werner, 19 N. D. 485, 126 N. W. 100; Bank of Baraboo v. Laird, 150 Wis. 243, 136 N. W. 603; Seybold v. Grand Forks Bank, 5 N. D. 460, 67 N. W. 682.

As to the failure of an attempt to enforce the collection of the principal note against Semmler before suing upon the collateral, there is no question that no such obligation rested upon the appellant. On the contrary he was authorized to hold and collect collateral as it fell due, and apply the money to the payment of the principal debt. Rev. Codes 1905, § 6213; 1 Dan. Neg. Inst. 6th ed. § 833, and authorities cited. Plaintiff did not make any motion for a directed verdict, or for judgment notwithstanding the verdict. Hence, the order of this court must be that the judgment and order of the District Court be reversed and a new trial granted.