## CORNELIUS WILLIAMS v. J. P. BENEKE.

(153 N. W. 411.)

Instructions — warranty — how pleaded — how proved — counterclaim — pleadings control.

    1. Instructions examined and *held* proper. Where the warranty proven is wider than that pleaded in the counterclaim, the pleadings govern the scope of the instructions.

Evidence — admission of — rulings.

    2. Errors assigned on the admission of evidence are *held* not well taken.

Opinion filed May 25, 1915.

From a judgment of the District Court of Dunn County, *Crawford,* J., defendant appeals.

Affirmed.

*T. F. Murtha,* for appellant.

A general denial in any answer puts in issue all material facts, and plaintiff is required to make a prima facie case before anything is required of defendant. Plaintiff cannot take advantage of an admission in an answer, in form a general denial, without stating to the court his desire to do so. Myrick v. Bill, 3 Dak. 284, 17 N. W. 268; Dole v.

Burleigh, 1 Dak. 227, 46 N. W. 692; Humpfner v. D. M. Osborn & Co. 2 S. D. 310, 50 N. W. 88; Kirby v. Scanlan, 8 S. D. 623, 67 N. W. 828; Peterson v. Roberts County, 31 S. D. 439, 141 N. W. 368.

The true aim in construing every agreement, including that of warranty, is to reach the real intention of the parties. This is accomplished by taking, not what they afterward say was their intention, but what the words and language of the contract clearly imply. 35 Cyc. 376, and note 63, 388; Shaw v. Water Supply & Storage Co. 23 Colo. App. 110, 128 Pac. 480; Turlock Fruit-Juice Co. v. Pacific & Puget Sound Bottling Co. 71 Wash. 128, 127 Pac. 842; Swift & Co. v. Redhead, 147 Iowa, 94, 122 N. W. 140.

Warranties will be given a reasonable construction according to the obvious and usual import of the language used. 35 Cyc. 389, 412, 419, and note, 54, 421, 462; Curtis v. Northwestern Bedding Co. 121 Minn. 288; 141 N. W. 161; Minnesota Thresher Mfg. Co. v. Hanson, 3 N. D. 81, 54 N. W. 311; Paulson v. D. M. Osborne & Co. 35 Minn. 90, 27 N. W. 203; Kramer v. Messner, 101 Iowa, 88, 69 N. W. 1142; Dempster Mill Mfg. Co. v. Fitzwater, 6 Kan. App. 24, 49 Pac. 624.

*Casey & Burgeson,* for respondent.

A party who formally and explicitly admits by his pleading that which establishes plaintiff's right will not be suffered to deny its existence or to prove any set of facts inconsistent with that admission. 31 Cyc. 211; Gale v. Shillock, 4 Dak. 182, 29 N. W. 661; Ostland v. Porter, 4 Dak. 98, 25 N. W. 731; Myrick v. Bill, 3 Dak. 284, 17 N. W. 268; Paige v. Willet, 38 N. Y. 28; Lamberton v. Shannon, 13 Wash. 404, 43 Pac. 336.

Defects or omissions in evidence introduced by one party may be cured or supplied by evidence subsequently introduced by his adversary. 38 Cyc. 1432; Gale v. Shillock, 4 Dak. 182, 29 N. W. 661.

The holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument. American Soda Fountain Co. v. Hogue, 17 N. D. 375, 17 L.R.A. (N.S.) 1113, 116 N. W. 339.

Goss, J. This appeal is from a recovery on a note given for the purchase price of three disc drills. The defense was a general denial,

coupled with a counterclaim for damages, based upon breach of warranty. If the instructions are erroneous, reversal must follow, hence errors predicated on instructions will be first considered.

Appellant contends that the instructions are narrower than the breach of warranty pleaded. The warranty set forth is "that at the time of said sale the said sellers warranted to this defendant that said disc drills were suitable and adapted for and would do the work, to wit, the seeding of small grains upon all kinds of land; and that by and through said warranties the defendant was induced to purchase and give his note for said machines; that he purchased said machines for the purpose of seeding land in Dunn county, and this the sellers well knew, and warranted that said drills would perform the services for which defendant purchased them." The breach of warranty alleged is "that defendant immediately tried out said drills in the seeding of small grains, but that said drills did not work; that defendant immediately and in good faith gave said drills a thorough trial for the purpose for which they were purchased and in and about the service that they were warranted to perform, to wit, the seeding of small grain; but that said drills did not do such work; that is, they did not seed small grain; that this defendant immediately notified the sellers, and that they have failed to remedy the defects in said machines or make them work." The warranty, the breach thereof as pleaded, and the proof of both warranty and its breach, must be considered with the instructions, as the trial court could not instruct beyond the scope of the proof, even though within the pleadings; nor, on the contrary, could the proof of warranty or its breach supplement or extend the particular warranty and the breach thereof as pleaded.

Defendant's agent who purchased the drills for him testifies: "He (seller) stated that he would warrant the drills to seed wheat or any kind of grain," other than flax. And again, "He agreed they would seed as good as any horse drill made." Defendant then offered proof that they were not as good for his purposes as horse drills; were less flexible; much heavier; would clog; and that after using them in seeding some 40 acres he discarded them. It appears, however, that the machines were purchased for use only with an engine, and that defendant knew they were too heavy to be used in any other way. The testimony is in conflict as to any notification of breach of warranty, although

defendant claims such a notice was given. Concededly no rescission was attempted, or any redelivery of the drills made or offered. The note matured. Again the testimony is in conflict as to whether defendant waived any breach of warranty by his offers of settlement, by his obtaining extensions of time for payment. But as defendant was entitled to have the jury consider his defense from its widest possible standpoint as pleaded, everything will be disregarded except the scope of warranty alleged and proven, and instructions thereon. The written instructions read:

"The second consideration is to determine whether or not the sellers warranted the disc drills to seed small grain. If you find from the evidence that no such warranty was made, you need go no further, and will find your verdict in favor of the plaintiff.

"The burden is upon the defendant to establish the fact of a warranty by a fair preponderance of the evidence. . . . If you believe from the evidence that the sellers warranted said machines to seed small grain, then it will be necessary for you to go one step further and determine whether or not such machinery would, if handled properly, seed small grain. To entitle the defendant to anything under the counterclaim, he must establish by a fair preponderance of the evidence that the machinery was handled in a careful and skilful manner, suitable to handling such machinery, by a person capable of handling the same. The mere fact that it failed to do the work warranted when not handled skilfully is not sufficient to find in favor of the defendant. The jury must find that after a careful and considerate handling in a reasonable and careful manner it failed to do the work guaranteed, before such fact should be held a breach of the warranty. If you believe from the evidence that the machinery would seed small grain, then it complies with the warranty as set forth in the counterclaim.

"The mere fact that the discs were clogged and failed to act properly cannot be held a breach of the warranty. The only warranty alleged in the answer is that it would seed small grain, and if it complies with that particular condition of the warranty, it fulfils all the conditions as set forth in the amended answer, and the fact that the discs may have clogged should not be considered by you or taken as a breach of the warranty in this case.

"If you find by a fair preponderance of the evidence that the sellers

warranted the drill to seed small grain, and you further find by a fair preponderance of the evidence that after careful and skilful handling of said machinery it failed to seed small grain, then it will be necessary for you to determine the damage resulting to the defendant. In the pleadings in this case there is no warranty that it would seed small grain in as successful a manner as would horse-drawn machinery, but the warranty as set forth in the amended answer merely warrants that it would seed small grain; and if you believe from the evidence that it would seed small grain even though you believe there was a warranty, then it complies with all of the conditions of the warranty; but if you find from the evidence that there was a warranty that it would seed small grain, and after a careful and prudent trial of said machinery it failed to seed small grain, then it will be necessary to go one step further and determine the damages."

Defendant made no request for more particular instructions. Those given are within the scope of the warranty and breach thereof set forth in the counterclaim. Defendant's proof is of a warranty wider than the one he had pleaded, and entirely beyond the breach alleged in his pleading. The court properly eliminated the question of whether the machinery would do as good work as horse-drawn drills. No such warranty is pleaded, nor is any breach of such a warranty assigned in the pleading; and to have instructed otherwise, even though within the scope of the proof, would have been prejudicial error against plaintiff. There is ample foundation for the instruction upon the necessity for skilful handling of this machinery, as that is indirectly an issue, the plaintiff's proof disclosing that others used this drill successfully, one witness testifying to having seeded 1,300 acres one year, and 2,000 acres the next, with the same kind of machine, and that, too, since these machines were s'ld to defendant; and there is testimony tending to show the reasons why they would clog to be caused by improper adjustment or too wet ground. This matter was for the jury to determine under proper instructions. We assume the jury have found a breach of warranty from the small verdict. Under the instructions it fixed the value of the machines as the amount of the verdict.

The defendant assigns error in the reception in evidence of the note sued upon. The objection was "that it appears on the back of the note:

that the same belongs to the P. & O. Plow Company, and we particularly urge upon the court the fact that there is no foundation laid nor showing that the defendant signed the note." Defendant evidently overlooks a paragraph of his answer wherein he admits "that defendant agreed to pay plaintiff therefor the sum of $525, and as evidence of such indebtedness the defendant made, executed, and delivered to said copartnership the promissory note described in the complaint." As to the ownership plaintiff produced the note on trial and testifies that, although it had been indorsed as collateral security, the debt secured had been paid before this suit was begun, and that the note had never left the possession of the payees. This proves ownership in plaintiff. Kerr v. Anderson, 16 N. D. 36, 111 N. W. 614; Farmers' Bank v. Riedlinger, 27 N. D. 318, 146 N. W. 556. And this disposes of two other assignments urged to objections sustained to further cross-examination as to ownership. Such prior indorsement became immaterial under the testimony. The judgment is accordingly affirmed.